**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert J. POLIAK,**
**Defendant-Appellant.**

**No. 86–1096.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1987.

Decided July 30, 1987.

Daniel F. Cook, San Jose, Cal., for defendant-appellant.

Sanford Svetcov, San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS, WALLACE and KENNEDY, Circuit Judges.

CHAMBERS, Circuit Judge:

Robert Poliak was charged with ten counts of bank fraud in violation of 18 U.S.C. § 1344. Poliak brought a motion to require the government to elect or consolidate the counts arguing the indictment was multiplicitous because it charged a single scheme to defraud in ten separate counts. Prior to the district court ruling on the motion, Poliak pleaded guilty to all counts reserving the right to appeal the denial of his motion pursuant to Fed.R. Crim.P. 11(a)(2). The district court thereafter denied the motion and Poliak now appeals that ruling and his conviction. We affirm the district court.

*FACTS*

The pertinent facts of Poliak's fraud as set forth in the indictment are as follows:

In August and September of 1984 the defendant filed fictitious business name statements for three separate businesses: Design Communications; International Business Telephone System (IBTS); and Telephone Distributing Company. In each

statement Poliak was named as the individual conducting the business. In September and October of 1984 Poliak opened three checking accounts in three separate banks in San Jose, California for each of the three businesses. An account in the name of Design Communications was opened at California National Bank. An account in the name of Robert J. Poliak doing business as Telephone Distributing was opened at Great Western Savings and Loan. An account in the name of IBTS was opened at Crocker National Bank.

Poliak's check kiting operation involving these three bank accounts occurred over approximately a two week period. He wrote checks to IBTS drawn on the Design Communications account for money in excess of the balance. Poliak then deposited these checks in his IBTS account at various branches of Crocker Bank. Poliak also wrote checks payable to Design Communications drawn on the IBTS account for amounts in excess of the balance and then deposited these checks in the Design Communications account. Poliak wrote checks for personal cash against the Design Communications account. Finally, Poliak also wrote a check for $29,993.14 drawn on the IBTS account and deposited it in the Design Communications account.

The indictment alleged drawing of ten checks in amounts between $35,016.11 and $32,878.64. Poliak contends that 18 U.S.C. § 1344 requires that the ten fraudulent checks be charged as a single scheme of bank fraud.[1] We disagree. The issue presented has not been decided by this court.

*DISCUSSION*

In construing a statute in a case of first impression we look first to the language of the statute itself, and second to the statute's legislative history. *See Brock v. Writers Guild of America, West, Inc.,* 762 F.2d 1349, 1353 (9th Cir.1985). The plain meaning of the words used controls, absent a clearly expressed legislative intent to the contrary. *Powell v. Tucson Air Museum Foundation of Pima County,* 771 F.2d 1309, 1311 (9th Cir.1985). Our review is *de novo. United States v. Douglass,* 780 F.2d 1472, 1477 (9th Cir.1986).

The bank fraud statute, 18 U.S.C. § 1344, states in pertinent part:

(a) Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a federally chartered or insured financial institution; or

(2) to obtain any of the moneyes, funds, credits, assets, securities or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representations, or promises, shall be fined not more than $10,000, or imprisoned not more than five years, or both.

The statute specifically states "whoever knowingly executes" a scheme to defraud. We believe this language plainly and unambiguously allows charging each execution of the scheme to defraud as a separate act. We find no legislative intent to the contrary. Here, Poliak wrote ten separate checks, each a different and separate execution of the scheme to defraud the banks.

This reading of 18 U.S.C. § 1344 is supported by our readings of the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, on which the bank fraud statute is patterned. *See* Sen.Rep. 92–225, 98th Cong. 1st Sess. (1983) at 378. Under the mail fraud statute each mailing in furtherance of the scheme constitutes a separate violation. *United States v. Vaughn,* 797 F.2d 1485, 1493 (9th Cir.1986). Each use of the wires under the wire fraud statute is a separate offense. *United States v. Calvert,* 523 F.2d 895, 914 (8th Cir.1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976).

We therefore find that the indictment was adequate and properly charged Poliak with ten separate counts of bank fraud. The conviction is affirmed.

---

1. Poliak concedes it may be proper to charge him with two counts of bank fraud involving Crocker National Bank and California National Bank.