**UNITED STATES of America, Plaintiff,**

**v.**

**Thomas A. BURGER, James R. Cruce, Defendants.**

**Nos. 91–40002–01, 91–40002–03.**

United States District Court, D. Kansas.

Aug. 22, 1991.

motions to determine their rights vis-a-vis the  United States.

Lee Thompson, U.S. Atty., Richard L. Hathaway, Asst. U.S. Atty., for U.S.

Dennis W. Moore, Overland Park, Kan., Sam Rosenthal, Curtis Mallet–Prevose, Colt & Mosle, pro hac vice, Washington, D.C., for Thomas A. Burger.

Mark L. Bennett, Jr., Glenda L. Cafer, Bennett, Dillon & Callahan, Topeka, Kan., for James R. Cruce.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motions of defendant Thomas A. Burger ("defendant Burger") and defendant James R. Cruce ("defendant Cruce") for recusal; defendant Burger's motion for reconsideration of this court's order denying his motion to withdraw his plea or for resentencing and to dismiss the Indictment; defendant Burger's motion for a *Franks* hearing; and defendant Burger's motion for bail pending disposition of the motion for reconsideration, or pending appeal. Also before the court is defendant Cruce's motion for reconsideration, and to vacate the sentence and for resentencing.

Defendants Burger and Cruce pled guilty to certain counts contained in an indictment returned on January 10, 1991. This Indictment charged defendants with conspiring to obtain monies from Peoples Heritage Federal Savings and Loan ("Peoples Heritage") by false or fraudulent pretenses in violation of 18 U.S.C. § 1344; making false, fictitious and fraudulent statements in violation of 18 U.S.C. § 1001; and 23 counts of bank fraud in violation of 18 U.S.C. § 1344.

On April 17 and 23, 1991, the court accepted defendants Cruce and Burger's guilty pleas. Following the preparation of the Presentence Investigation Reports by the United States Probation Office, both defendants contested the recommendation that the United States Sentencing Guidelines ("Sentencing Guidelines"), as amended in 1988, and 1989, were applicable to the defendants' sentences. Subsequently, defendants Burger and Cruce filed motions requesting that they be sentenced under the Sentencing Guidelines effective during November 1988, or in the alternative, that they be allowed to withdraw their guilty pleas. On July 31, 1991, this court issued a Memorandum and Order in which it denied defendants' motions. Both defendants were sentenced on August 1, 1991, under the amended Sentencing Guidelines. Defendant Burger was sentenced to 12 years imprisonment and was ordered to pay $6,000,000 in restitution. Defendant Cruce was sentenced to 14 years imprisonment and was ordered to pay $8,000,000 in restitution. Defendants now contend that the court's previous ruling and sentences imposed were based upon improper *ex parte* contact between the prosecution and the court. Thus, defendants contend this court should recuse itself, and vacate its sentences as imposed on August 1, 1991.

## MOTIONS TO RECUSE OR DISQUALIFY

■ Defendants move the court to recuse itself pursuant to 28 U.S.C. §§ 144 and 455. Whether to recuse itself is a matter within this court's discretion. *Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir.1987); *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir.1987). Title 28, United States Code, Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists....

In determining whether the affidavits are sufficient to establish that a judge has a personal bias or prejudice against him or in favor of an adverse party, the court must accept the truth of the facts alleged. *Hinman*, 831 F.2d at 939 (citing *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir.1979)). Nonetheless, "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Hinman*, 831 F.2d at 939. Further, the affidavit must state with particularity the "facts of time, place, persons, occasion, and circumstances." *Id.* Finally, the "affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial." *Id.*

■ A different standard for recusal applies under 28 U.S.C. § 455. Under this section, the applicable test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Hines*, 696 F.2d 722, 728 (10th Cir.1982). Under this provision, the factual allegations contained in the affidavit do not have to be taken as true. *Hinman*, 831 F.2d at 939 (citing *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986)). Moreover, a court is not limited to those facts asserted in the affidavit. *Hinman*, 831 F.2d at 939 (citing *Gilbert v. Little Rock*, 722 F.2d 1390, 1398 (8th Cir.1983) (judge may consider all the circumstances)).

■ Upon consideration of the defendants' motions and applicable law, the court finds that the defendants' motions for recusal should be denied. First, and perhaps of foremost importance, the court finds that the basis upon which defendants' motions are founded, *i.e.*, that *ex parte* contact occurred between the court and the prosecution thereby prejudicing the court against the defendants, is faulty. Quite simply, no *ex parte* communication occurred between the prosecution and the court. *Black's Law Dictionary* defines *ex parte* as "on one side only; by or for one party; done for, in behalf of, or on the application of, one party only." The affidavits filed by both defendants allege improper contact between the court and the FDIC and RTC. However, the court finds that the letters complained of by the defendants are letters from the victim of the defendants' crimes, not from the prosecution. Thus, even assuming the factual allegations contained in the affidavits are true,

the facts simply do not support that any *ex parte* contact occurred between the court and the prosecution. Indeed, the letters are part of the victim impact aspect of the presentence investigation which the probation office is statutorily required to investigate and request.[1] *See* 18 U.S.C. §§ 3663 and 3664. Letters such as these are routinely received by the court and are forwarded to the United States Probation Office so that a proper investigation may be conducted in accordance with the Congressional mandate that the impact on the victim be assessed.[2] Subsequently, allegations contained in such letters are then either excluded or included in the Presentence Investigation Report so that the parties have a chance to dispute and refute any factual allegations. This was the manner in which the letters from the FDIC and its Chairman, L. William Seidman were handled.

■ Further, the court finds that defendants' affidavits contain no statements made by this court which would indicate that it is biased toward either side in this case, or that it was relying upon allegations contained in the letters in dispute. Rather, the defendants' complaints center around the court's previous rulings. Recusal may not be based upon judicial bias, *i.e.*, the judge's view of the law. Rather, it must be personal. As the Tenth Circuit has stated, "[a] motion to recuse cannot be based solely on adverse rulings." *Willner v. Budig*, 848 F.2d 1032, 1035 (10th Cir. 1988), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989) (citing *Willner v. University of Kansas*, 848 F.2d 1023, 1028 (10th Cir.1988) (per curiam), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989)); *See also Antonello v.*

1. The court further notes that in their plea agreements, defendants consented to the submission of such information by the federal regulatory bodies involved.

2. The court notes that letters from those who wish to speak on behalf of the defendant for a light sentence are treated in the same manner. Under the interpretation asserted by the defendants, such contacts would be impermissible *ex parte* communications.

   Further, the court finds that the amount of restitution sought by the victim $6,000,000 and

$8,000,000 was the amount which had been promoted by the probation office. It is not improper for a court to hold a presentence conference with the probation staff. *See United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983). Further, the court notes that under applicable law, the court could have imposed an amount in restitution many times that which was ultimately imposed. The court's position with respect to restitution was spelled out in its Memorandum and Order of July 31, 1991.

*Wunsch,* 500 F.2d 1260, 1262 (10th Cir. 1974); *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983). Moreover, rumors, beliefs, conclusions and opinions are not sufficient to form a basis for disqualification. *Hinman,* 831 F.2d at 939.

■ The court finds that defendants' affidavits contain speculation and unfounded conclusions. Further, any personal knowledge of the facts of this case held by the court was derived solely from presiding over a lengthy trial of codefendants. Personal knowledge derived from presiding over a trial of codefendants may be considered by a court when imposing a sentence. *See United States v. Beaulieu,* 893 F.2d 1177, 1179 (10th Cir.1990), *cert. denied,* —— U.S. ——, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). Thus, defendants' motions for recusal due to personal bias resulting from *ex parte* contact under 28 U.S.C. § 144 must fail.

■ Moreover, when applying the standard for recusal under 28 U.S.C. § 455, the court finds that in this case, a reasonable person knowing all the relevant facts would not harbor doubts about the judge's impartiality. The court finds that its earlier ruling which denied the defendants' motions for sentencing under the 1988 Sentencing Guidelines, or in the alternative, to withdraw their guilty pleas, was based upon express findings contained in its Memorandum and Order filed on July 31, 1991. Clearly, the finding made by the court that the defendants should be sentenced according to the Sentencing Guidelines, as amended, was based upon two factors, namely that the defendants pled guilty to a conspiracy continuing up until the issuance of the Indictment on January 10, 1991, and that the defendants continued their involvement in the conspiracy beyond the effective dates of the amended guide-

lines. *See United States v. Morrison,* 938 F.2d 168 (10th Cir.1991) (citing *United States v. Broce,* 488 U.S. 563, 570, 109 S.Ct. 757, 762–63, 102 L.Ed.2d 927 (1989)); *see also United States v. Edgecomb,* 910 F.2d 1309, 1312 (6th Cir.1990) ("If [defendant] disagreed with the dates of the [scheme], he should have attempted to negotiate a change in the plea agreement"). This finding was simply not founded on unsubstantiated allegations of witness tampering, as defendant Burger asserts.[3]

Further, the court finds that each sentencing calculation ultimately made by the court was expressly based upon factual findings as appended to the Presentence Report, and oral findings made at the time of sentencing. Such a method of making findings is satisfactory. *See United States v. Golightly,* 811 F.2d 1366, 1367 (10th Cir.1987). Similarly, the court finds that any departure from the Sentencing Guidelines, in the event that the defendants are to be sentenced under the original Sentencing Guidelines, was expressly supported by factual findings based upon evidence which the defendants were given an opportunity to refute prior to sentencing.[4] Thus, the court finds that in considering all of the relevant facts and circumstances of this case, a reasonable person would not find the court to be biased in its previous rulings both in the denial of defendants' motions for sentencing under the 1988 Sentencing Guidelines, or in the sentences ultimately imposed. Quite simply, the defendants have failed to demonstrate that the court relied upon improper information, or for that matter, that the court had received any improper information. *United States v. Kenny,* 645 F.2d 1323, 1348 (9th Cir. 1981), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981). The two let-

---

**3.** Moreover, the court notes that defendant Burger had an opportunity to refute these allegations, and that they were stricken from the Presentence Investigation Report. Thus, these allegations were simply not a factor considered when the court imposed defendant Burger's sentence.

**4.** In this regard, the court notes that both defendants Cruce and Burger were sent notice on

July 25, 1991, that various factors had been identified by the probation office which would warrant an upward departure. Response of the Government in Opposition to Defendant Burger's Motions, exhibit 1 (Doc. 375). This notice listed factors and reasons which support an upward departure. Such notice is sufficient. *United States v. Fortenbury,* 917 F.2d 477, 480 (10th Cir.1990).

ters in dispute were not used in determining the sentences. Rather, the sentences were based upon the information contained in the Presentence Investigation Report, as amended and adopted by the court following two separate evidentiary hearings involving objections of both defendants. In addition, the court considered its personal knowledge derived from presiding over the lengthy trial of defendants' alleged co-conspirators. Neither source of information is improper.

## MOTIONS FOR RECONSIDERATION

■ The court finds that in disposing of defendants' motions for recusal, it has dealt with defendants' motions for reconsideration which are primarily based upon defendants' allegation of *ex parte* contact with the prosecution. Nonetheless, the court further finds that it has previously reviewed and rejected defendants' contention that the Rule 11 hearings conducted prior to accepting defendants' guilty pleas were infirm. The court finds that both defendants were informed that they were to be sentenced under the Sentencing Guidelines, and that they could be sentenced to a maximum of five years per count and that punishment for each count could be ordered to run consecutively. Thus, the court finds that the requirements of Rule 11, *i.e.*, that the defendant be informed of the maximum sentence which could be imposed, were satisfied and that the court's denial of defendants' motions to withdraw their guilty pleas was proper. *See United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1604, 113 L.Ed.2d 667 (1991).

■ The court further finds that the fact that an estimate made by a defendant's attorney with respect to the maximum sentence which may be imposed does not coincide with one the court ultimately imposes, is not a proper ground for the withdrawal of a plea. *See United States v. Stephens*, 906 F.2d 251, 253–54 (6th Cir. 1990); *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir.1990).[5] Thus, the court's denial of defendants' motions to withdraw their guilty pleas was proper, and defendants' motions for reconsideration will be denied.[6]

## FRANKS HEARING

■ Defendants move the court for an evidentiary hearing. In support, defendants cite *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Whether a defendant is entitled to an evidentiary hearing in regard to sentencing, is a matter within this court's discretion. *United States v. Rutter*, 897 F.2d 1558, 1565 (10th Cir.1990); *United States v. Peterman*, 841 F.2d 1474 (10th Cir.1988). Further, where the dispute is more legal than factual, a hearing is not required. *Rutter*, 897 F.2d at 1565.

■ The court finds that the dispute in this case focuses primarily upon the court's decision to apply the amended Sentencing Guidelines. Because this dispute is primarily legal, the court finds that no evidentiary hearing will advance the resolution of this matter. Accordingly, the court will deny defendant Burger's motion for a *Franks* hearing.

## BAIL PENDING APPEAL

■ Finally, defendant Burger has filed a motion requesting an order granting bail

---

**5.** Further, to the extent that defendant seeks to reassert the argument that the court failed to make a factual finding that the conspiracy, as alleged in the Indictment existed, the court finds that it has previously reviewed and rejected this argument, the court will not revisit it.

**6.** The court further finds that defendants' arguments that the Indictment violates the double jeopardy clause, and thus, should be dismissed are without merit. The crimes charged in this Indictment involve bank fraud, under the relevant statute, 18 U.S.C. § 1344, an offense occurs

upon each execution or attempted execution of a scheme to defraud. *United States v. Poliak*, 823 F.2d 371, 372 (9th Cir.1987), *cert. denied,* 485 U.S. 1029, 108 S.Ct. 1586, 99 L.Ed.2d 901 (1988). Thus, each count of the Indictment involving a draw upon a line of credit would constitute a separate execution of the scheme and would be punishable as a separate crime. The court further notes that this argument is untimely because it was first raised in defendants' motions for reconsideration. Fed. R.Crim.P. 12(f).

pending appeal pursuant to Fed.R.Crim.P. 46(c) and 18 U.S.C. § 3143. Defendant Burger has also moved the court for expedited consideration of his motions. The court will grant defendant Burger's motion insofar as he requests expedited consideration.

Title 18, United States Code, Section 3143(b) provides:

**Release or detention pending appeal by the defendant.**—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

    (i) reversal,

    (ii) an order for a new trial,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process....

In applying this provision, the defendant must first establish by clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or to the community if released, and that the defendant has established by a preponderance of the evidence that the appeal has not been filed for purposes of delay. Further, the court must find that the appeal raises a substantial question of law or fact; and that if the substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. *United States v. Affleck*, 765 F.2d 944, 953 (10th Cir.1985).

Following the defendant's establishment of the first two criteria, the court must follow a two-step analysis. *See Affleck*, 765 F.2d 944, 952 (10th Cir.1985) (citing *United States v. Miller*, 753 F.2d 19 (3d Cir.1985)). Accordingly, the court must first determine whether the appeal raises a "substantial" question of law or fact. Second, the court must determine whether a favorable ruling for the defendant on appeal would result in reversal or an order for a new trial of *all* counts on which imprisonment has been imposed. *Affleck*, 765 F.2d at 952. A "substantial question" is a " 'close question or one that very well could be decided the other way.' " *Id.* (internal quotes omitted) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985), *cert. denied*, 479 U.S. 1018, 107 S.Ct. 669, 93 L.Ed.2d 721 (1986)). Whether a particular question is "substantial," is a question which must be ultimately decided upon a case-by-case basis. *Affleck*, 765 F.2d at 952.

Upon consideration of the arguments and authorities cited by the parties, the court finds that defendant Burger's motion for bail pending appeal must be denied. Initially, the court notes that defendant Burger has not sought to establish the first two requirements that he is not likely to flee and that the appeal is not filed for purposes of delay. Thus, the court finds that defendant Burger's motion should be denied on that basis alone. Further, the court finds that the question on appeal, namely whether the defendant may be properly sentenced under the amended guidelines because he has pled guilty to a crime which continued beyond the effective date of the Indictment, is not a "substantial question." As previously cited by the court, the Tenth Circuit Court of Appeals has held that a defendant may be sentenced in accordance with the crime, as charged in the Indictment, to which he pled guilty to. *See Morrison*, 938 F.2d 168 (10th Cir.1991) (citing *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). Thus, because the issue raised by the defendant has been decided by controlling precedent, it may not be properly characterized a "substantial"

question. *Affleck*, 765 F.2d at 952. Further, the court finds that reversal of this court's decision will not lead to a new trial on *all* counts. Defendant Burger has never contested his conviction with respect to four of the five counts to which he pled guilty. Finally, reversal would simply lead to resentencing, which would not be a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Accordingly, for the foregoing reasons, the court finds that defendant Burger's motion for bail pending appeal will be denied.

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendant Burger for reconsideration of the order denying his motion to withdraw the plea or for resentencing, to dismiss the Indictment, and for a *Franks* hearing (Doc. 368) is denied.

IT IS FURTHER ORDERED that the motion of defendant Burger for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 (Doc. 372) is denied.

IT IS FURTHER ORDERED that the motion of defendant Burger for an evidentiary hearing and for oral argument (Doc. 374) is denied.

IT IS FURTHER ORDERED that the motion of defendant Burger for bail pending consideration of the motion for reconsideration, and if that is denied, pending appeal, and for expedited consideration of the motion (Doc. 380) is denied in part, and granted in part, consistent with the above memorandum and order.

IT IS FURTHER ORDERED that the motion of defendant Cruce to disqualify and recuse (Doc. 365) is denied.

IT IS FURTHER ORDERED that the motion of defendant Cruce for reconsideration and to vacate sentence and for resentencing (Doc. 366) is denied.

IT IS FURTHER ORDERED that the original sentences and reporting dates are affirmed and remain in place.