UNITED STATES of America, Plaintiff,

v.

**Larry Joseph LEWIS, Defendant.**

Crim. No. 93–196–FR.

United States District Court,
D. Oregon.

Nov. 24, 1993.

Jack C. Wong, U.S. Atty., Kent S. Robinson, Asst. U.S. Atty., Portland, OR; for plaintiff.

Norman Sepenuk, Douglas Stringer, Portland, OR, for defendant.

## OPINION

FRYE, Judge:

The matters before the court are 1) defendant's motion to dismiss Counts 1–5 and 7–9 of the superseding indictment (# 7); and 2) defendant's motion to dismiss Counts 2–5 and 7–9 of the superseding indictment or, alternatively, to require election (# 8).

## BACKGROUND

From August, 1984 until June, 1988, the defendant, Larry Joseph Lewis, was the manager of the Portland Branch of the Hong Kong and Shanghai Bank. The Hong Kong and Shanghai Bank is one of the largest banks in the world.

The Portland Branch of the Hong Kong and Shanghai Bank does not accept customer deposits, and its clientele do not have checking or savings accounts with the bank in the traditional sense. The Hong Kong and Shanghai Bank functions as a commercial lending institution. The Portland Branch of the Hong Kong and Shanghai Bank operates under a charter granted by the State of Oregon and is not federally chartered or federally insured.

The indictment against Lewis was returned on June 23, 1993 and charges him with two counts of the crime of wire fraud in violation of 18 U.S.C. § 1343. These two charges of the crime of wire fraud are based upon two "schemes" or series of loan transactions that occurred during the time that Lewis managed the Portland Branch of the Hong Kong and Shanghai Bank. The loan transactions involved two different borrowers, Western Line Corporation (Count 1) and Pacific Corridor International, Inc. (Count 2). In both counts, the government alleges that Lewis made misrepresentations to bank superiors (or omitted material information) in obtaining authority to grant loan extensions or to increase lines of credit.

On July 20, 1993, a superseding indictment was returned. The wire fraud allegations remained the same as to the two borrowers, Western Line Corporation and Pacific Corridor International, Inc. However, the wire fraud allegations formed the basis for bank fraud counts not charged in the indictment. Counts 2 through 5 allege bank fraud involving the loan and line of credit to Pacific Corridor International, Inc. Counts 7 through 10 allege bank fraud as to Western Line Corporation. The original wire fraud counts are renumbered as Count 6 (as to Pacific Corridor International, Inc.) and Count 10 (as to Western Line Corporation).

Count 1 of the superseding indictment charges bank fraud regarding a loan to Thiel Creek Development Company, a borrower not included in the indictment.

1. *Defendant's Motion to Dismiss Counts 1–5 and 7–9 of the Superseding Indictment (# 7)*

▮ The conduct alleged in the superseding indictment occurred in 1987 and 1988. The applicable bank fraud statute, 18 U.S.C. § 1344, provides in relevant part:

(a) Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a federally chartered or insured financial institution ... [shall be guilty of an offense].

(b) As used in this section, the term "federally chartered or insured financial institution" means—

. . . .

(5) a bank, banking association, land bank, intermediate credit bank, bank for cooperatives, production credit association, land bank association, mortgage association, trust company, savings bank, or other banking or financial institution organized or operating under the laws of the United States.

Lewis argues that the court must dismiss Counts 1 through 5 and 7 through 9 of the superseding indictment on the grounds that this court does not have jurisdiction over the bank fraud counts. Lewis argues that the Hong Kong and Shanghai Bank is not a federally insured or chartered financial institution within the meaning of 18 U.S.C. § 1344.

Lewis asserts that the requirements in Section 1344(b)(5) modify the phrase "federally chartered" in (b), and the court must consider whether the Hong Kong and Shanghai Bank operated under a national or a state charter. Because there is no dispute that the branch of the Hong Kong and Shanghai Bank located in Portland, Oregon is chartered by the State of Oregon, Lewis contends that it is not "federally chartered" as required by Section 1344(b).

Lewis maintains that his position is proven by the fact that the 1990 congressional amendments to the current version of Section 1344 include the words "a branch or agency of a foreign bank." Lewis asserts that the 1990 amendments will have no purpose if the court does not rule that prior to November 29, 1990, a state-chartered, non-federally insured branch of a foreign bank does not fall within the coverage of the federal bank fraud statute. Lewis concludes that in 1987 and 1988, the time covered by the superseding indictment, the Hong Kong Bank was not a "financial institution" within the meaning of 18 U.S.C. § 1344 (1984). Defendant's Reply to Government's Response, p. 3.

The government argues that the broad language of Section 1344(b)(5) which applies to a "financial institution organized or operating under the laws of the United States" should be interpreted to include financial institutions which, like the Hong Kong and Shanghai Bank, operate under federal regulatory jurisdiction and control.

The government asserts that 18 U.S.C. § 1344(b)(5) would have no meaning if the term "federally chartered" meant "federally chartered" and nothing more; that the argument of Lewis has been rejected in a similar statutory scheme; and that the legislative history of the bank fraud statute itself supports the position of the government. The government further argues that since the Portland Branch of the Hong Kong and Shanghai Bank is "organized [and] operating under the laws of the United States" as required by 18 U.S.C. § 1344(b)(5), this court should deny Lewis' motion to dismiss.

Both parties agree that the issue presented is a question of first impression.

## ANALYSIS

Section 1344(b)(5) defines "federally chartered or insured financial institution" to mean "a bank ... *or other banking or financial institution* organized or operating under the laws of the United States." (Emphasis added). This is broad language and includes financial institutions like the Hong Kong and Shanghai Bank which is operating under the jurisdiction and control of federal regulatory bodies.

Initially, Lewis asks this court to exclude the Hong Kong and Shanghai Bank from the meaning of Section 1344(b)(5) by reading Section 1344(b)(5) to mean a federally chartered bank which is "organized or operating under the laws of the United States." To read Section 1344(b)(5) as requested by Lewis would be to ignore the plain language of the statute.

Second, Lewis asks this court to conclude that the Hong Kong and Shanghai Bank is not a financial institution within the meaning of 18 U.S.C. § 1344 (1984) because the term "financial institution" does not include foreign banks or their branches operating within the United States. Lewis relies upon the fact that Congress amended 18 U.S.C. § 20

on November 29, 1990 by adding the following definition of financial institution:

(9) a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978).

Crime Control Act of 1990, Pub.L. 101–647, 104 Stat. 4789, 4908 (1990). Lewis argues that this amendment was intended to bring, for the first time, the domestic branches of a foreign bank within the scope of federal financial crime provisions.

There is no basis for this court to conclude that the term "a bank ... or other banking or financial institution" in Section 1344(b)(5) excludes the domestic branches of a foreign bank. The fact that Congress later enacted a provision specifically including domestic branches of foreign banks is not enough in the face of the plain meaning of the terms used in Section 1344(b)(5) for this court to conclude that Congress intended otherwise in the initial statute.

Finally, Lewis asks the court to conclude that the Hong Kong and Shanghai Bank was not operated under the laws of the United States because the statutes cited by the government are "obscure regulations said to apply to the Bank." Defendant's Reply to Government's Response, p. 7. The court finds that the comprehensive federal regulations which apply to the Hong Kong and Shanghai Bank through the International Banking Act of 1978 are significant and that the Hong Kong and Shanghai Bank operates under the laws of the United States.

The court concludes that the Hong Kong and Shanghai Bank is a financial institution which operates under the laws of the United States within the meaning of 18 U.S.C. § 1344(b)(5).

2. *Defendant's Motion to Dismiss Counts 2–5 and 7–9 of the Superseding Indictment or, Alternatively, to Require Election (# 8)*

■ Lewis asserts that the charges of bank fraud in Counts 2 through 5 (transactions relating to Pacific Corridor International, Inc.) and Counts 7 through 9 (transactions relating to Western Line Corporation) must be dismissed on the grounds of multiplicity. Lewis asserts that the conduct alleged in these counts gives rise to only two bank fraud charges—one bank fraud charge involving the loan account of Pacific Corridor International, Inc. and one bank fraud charge involving the loan account of the Western Line Corporation.

The government asserts that each movement of money, funds and credits out of a financial institution is correctly charged as a separate count in the superseding indictment.

■ The doctrine of multiplicity prohibits the government from charging a single offense in several counts. *United States v. Hurt,* 795 F.2d 765, 774 (9th Cir.1986), *amended on other grounds,* 808 F.2d 707 (9th Cir.), *cert. denied,* 484 U.S. 816, 108 S.Ct. 69, 98 L.Ed.2d 33 (1987). In *United States v. Poliak,* 823 F.2d 371 (9th Cir.1987), *cert. denied,* 485 U.S. 1029, 108 S.Ct. 1586, 99 L.Ed.2d 901 (1988), the court concluded that it was proper under the bank fraud statute to charge a defendant who wrote ten separate checks with ten separate counts of bank fraud. The court stated:

The statute [18 U.S.C. § 1344] specifically states "whoever knowingly executes" a scheme to defraud. We believe this language plainly and unambiguously allows charging each execution of the scheme to defraud as a separate act. We find no legislative intent to the contrary. Here, Poliak wrote ten separate checks, each a different and separate execution of the scheme to defraud the banks.

*Id.* at 372.

In the case before this court, the superseding indictment sets forth in a separate count each transaction which caused money or credit to move from the Hong Kong and Shanghai Bank. This meets the requirement in *Poliak* that each act which constitutes an execution of the scheme to defraud forms the basis for one crime.

## CONCLUSION

Defendant's motion to dismiss Counts 1–5 and 7–9 of the superseding indictment (# 7) is denied. Defendant's motion to dismiss

Counts 2–5 and 7–9 of the superseding indictment or, alternatively, to require election (# 8) is denied.