15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Burdett KNAPP, Defendant-Appellant.
 No. 93-30016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1994.
Decided Jan. 26, 1994.
 
 1
 Before: POOLE, TROTT and KING,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Paul Burdett Knapp was convicted for making false statements to the U.S. Government in violation of 18 U.S.C. Sec. 1001. Knapp appeals his conviction, arguing the district court erred in denying dismissal of the indictment, failing to instruct the jury that it had to reach a unanimous verdict on the underlying acts supporting Count 2 of the indictment, and submitting to the jury a redacted copy of the indictment.
 
 
 4
 * Duplicity of Count 2
 
 
 5
 We review "the question whether counts of an indictment are duplicitous de novo." United States v. Bryan, 868 F.2d 1032, 1037 (9th Cir.), cert. denied, 493 U.S. 858 (1989). The court looks "to the indictment itself to determine whether it may fairly be read to charge but one crime in each count." Id.
 
 
 6
 Knapp argues Count 2 of the indictment is duplicitous because six of the alleged overt acts could each constitute a separate offense under 18 U.S.C. Sec. 1001.[1] Count 2 stated:
 
 
 7
 Beginning at date unknown and continuing until in or about April 23, 1991, ... defendant PAUL BURDETT KNAPP did knowingly and willfully falsify conceal, and cover up material facts by trick, scheme, and device; to wit:
 
 
 8
 The government realleges and incorporates by reference the Manner and Means and Overt Act sections of Count Once of this superceding indictment.
 
 
 9
 In violation of Title 18, United States Code, Section 1001.
 
 
 10
 The "Manner and Means" and "Overt Acts" sections then set out the specifics of Knapp's activities, describing them in the context of the conspiracy charge.
 
 
 11
 "Duplicity is the joining in a single count of two or more distinct and separate offenses. One vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." United States v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir.1976), cert. denied, 430 U.S. 966 (1977); see also United States v. Licciardi, No. 92-10046, slip. op. at 216-17 (9th Cir. Jan. 11, 1994) (indictment is duplicitous where conspiracy to defraud and conspiracy to commit mail fraud are charged in one count).[2] In United States v. UCO Oil Co., the Ninth Circuit held that 18 U.S.C. Sec. 1001 defines a single offense, but enumerates various means of committing that offense. Id. at 838. Although dicta in United States v. Mayberry, 913 F.2d 719 (9th Cir.1990), might be construed to support the proposition that Section 1001 created two separate offenses, see id. at 722 n. 7, UCO explicitly held that Section 1001 defines only one offense.
 
 
 12
 Because Section 1001 defines only one offense, it is proper for the government "to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment." UCO, 546 F.2d at 838. In the instant case the government merely listed the possible means, "by trick, scheme, and device," in the indictment, and then listed the overt acts supporting its theory that defendant engaged in a scheme to conceal material facts from the government.
 
 
 13
 Further, it is not a valid objection that the jury, in arriving at a unanimous verdict, may not agree on the particular means by which the offense was committed. See Schad v. Arizona, 111 S.Ct. 2491, 2496 (1991) (plurality opinion) ("Our cases reflect a long-established rule of the criminal law that an indictment need not specify which overt act, among several named, was the means by which a crime was committed."). The district court did not err by denying defendant's motion to dismiss the indictment as duplicitous.
 
 II
 Jury Instruction Regarding Unanimity
 
 14
 Knapp did not object to the jury instructions at the time of trial, so we review for plain error. See United States v. Fagan, 996 F.2d 1009, 1016 (9th Cir.1993). Plain error is a highly prejudicial error affecting substantial rights. United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992).
 
 
 15
 Knapp argues the district court should have instructed the jury that it had to unanimously agree that defendant committed at least one specific overt act listed in Count 2. However, Schad v. Arizona, 111 S.Ct. 2491 (1991) (plurality opinion), indicates that there need not be unanimous agreement on one particular act supporting the jury's verdict. In that case, the Supreme Court stated: "We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone." Id. at 2497. "[I]t has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission." Id. at 2506 (Scalia, J., concurring in part); see also Jeffries v. Blodgett, 5 F.3d 1180, 1195 (9th Cir.1993). For this reason, the district court did not commit plain error by failing to instruct the jury it had to unanimously agree that Knapp committed a particular overt act.
 
 III
 Submission of Redacted Indictment
 
 16
 Knapp argues the district court erred in submitting a redacted copy of the indictment to the jury, because the indictment alleged acts that defendant committed outside the statute of limitations. "[T]he matter of sending [an] indictment ... to the jury is a matter entirely in the discretion of the trial court." Shayne v. United States, 255 F.2d 739, 743 (9th Cir.), cert. denied, 358 U.S. 823 (1958).
 
 
 17
 It was permissible for the conspiracy count (Count 1) to include Knapp's acts occurring outside the statute of limitations. See Toussie v. United States, 397 U.S. 112, 115 (1970) (statute of limitations begins to run when ongoing crime is complete). To prevent the jury from considering those acts with respect to Count 2, the district court instructed the jury on Count 2: "[I]n order for you to find Mr. Knapp guilty, you must find that he engaged in some act in violation of that statute--of the law that I've just given to you after October 29th of 1986." Each juror had a copy of these instructions during deliberations. Therefore, the district court did not abuse its discretion by submitting to the jurors a redacted copy of the indictment.
 
 
 18
 We AFFIRM.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 1001 states:
 Whoever, in any matter within the jurisdiction of any department or agency of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme or device a material fact, ... shall be fined not more than $10,000 or imprisoned not more than five years or both.
 18 U.S.C. Sec. 1001 (1988).
 
 
 [2]
 Appellant suggests United States v. Molinaro, No. 90-50131 (9th Cir. Nov. 17, 1993), supports its argument that Count 2 is duplicitous. However, in Molinaro, the Ninth Circuit reaffirmed its holding in United States v. Poliak, 823 F.2d 371 (9th Cir.1987), that "the unit of the offense created by [18 U.S.C.] Sec. 1344 is not each act in furtherance of a scheme to defraud but each execution or attempted execution of the scheme to defraud." Id., slip op. at 12988 (emphasis added). The court concluded that the indictment was multiplicious because it contained 30 counts alleging violations of Sec. 1344 and each count identified one of the documents prepared in connection with executing the scheme to defraud. Molinaro is not dispositive because instead of charging the scheme to defraud in one count, the government charged components of the one scheme in different counts--resulting in a multiplicious indictment. Id., slip op. at 12983-90; see also UCO, 546 F.2d at 835 (multiplicity is charging a single offense in several counts)