UNITED STATES of America,
Plaintiff–Appellee,

v.

Husam SAMARAH, aka Husam
Abdulkarim, aka Ken,
Defendant–Appellant.

No. 02–50328.

D.C. No. CR–01–00870–R(1).

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted Oct. 8, 2003.*

Decided Oct. 14, 2003.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Husam Samarah appeals his jury trial conviction and 41-month prison sentence for fourteen counts of bank fraud, in violation of 18 U.S.C. § 1344. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

▪ Samarah first contends that there was insufficient evidence for a jury to conclude that he made material false representations to the financial institution in furtherance of the scheme to defraud.[1] Reviewing de novo, we conclude that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *United States v. Hernandez,* 105 F.3d 1330, 1332 (9th Cir.1997). The false representations need not have preceded the deposit of the fraudulent check, *see United States v. Bonallo,* 858 F.2d 1427, 1433–34 (9th Cir.1988), and the government need not have proven an actual loss. *See United States v. Mason,* 902 F.2d 1434, 1442 (9th Cir.1990). Additionally, any alleged errors on the part of the financial institution are not a defense to the charges. *See United States v. Ciccone,* 219 F.3d 1078, 1083 (9th Cir.2000) (rejecting defendant's argument that the government had to prove that the scheme was

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Samarah's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Samarah also contends that the indictment was duplicitous in charging multiple counts based on separate acts in furtherance of one scheme or plan. Because Samarah failed to raise this challenge pre-trial, we deem it waived. *See United States v. Klinger,* 128 F.3d 705, 708 (9th Cir.1997).

calculated to deceive persons of ordinary prudence and comprehension). Furthermore, each separate execution of the scheme to defraud is punishable under the statute and can be separately charged. *United States v. King*, 200 F.3d 1207, 1213 (9th Cir.1999); *United States v. Poliak*, 823 F.2d 371, 372 (9th Cir.1987) (holding that each check of a check kiting scheme can be a separate count). Unlike in *Williams*, the government did not allege that the checks themselves were the false statements. *Williams v. United States*, 458 U.S. 279, 284, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982).

 Samarah next contends that the district court erred by basing the loss amount on the total face value of the checks, instead of the actual loss to the bank.[2] The district court did not clearly err in its determination that Samarah intended to cause a loss in the amount of the fraudulently deposited checks. *See* United States Sentencing Guidelines ("U.S.S.G.") § 2F1.1, cmt. n. 7 (1997); *King*, 200 F.3d at 1216.

Samarah's final contention is that the district court erred by imposing a 2–level enhancement based on more than minimal planning pursuant to U.S.S.G. § 2F1.1(b)(2)(A) (1997). Reviewing for clear error, *United States v. Lindholm*, 24 F.3d 1078, 1086 (9th Cir.1994), we find none. *See* U.S.S.G. 1B1.1, cmt. n. 1(f) (1997).

AFFIRMED.

---

**2.** Samarah also contends that the district court erred by failing to depart downward on the grounds that the loss calculated by the district court overstates the seriousness of the offense pursuant to U.S.S.G. § 2F1.1, cmt. n. 10 (1997). Because Samarah failed to raise this issue in the district court, we deem it waived. *See United States v. Quesada*, 972 F.2d 281, 283–84 (9th Cir.1992)

