Dr. Myra M. HINMAN, Petitioner,

v.

Honorable Richard D. ROGERS, United States District Judge for the District of Kansas, Respondent.

Dr. Myra M. HINMAN; Tommy C. Ashley; Frank D. Blackburn; James L. Bolden; Betty D. Commons; Ola L. Drake; Bobby J. Fair; Floyd H. Garrett; Noah L. Goddard; Alan W. Jack; Sherri L. Kelly; Roy Laster; Wayne A. Lewis; Thomas McHan; Anita Martin; Dennis Joe Miller; Michele Richards; and Paula M. Williams, Petitioners,

v.

Honorable Richard D. ROGERS, United States District Judge for the District of Kansas, Respondent.

Nos. 85–2753, 86–1031.

United States Court of Appeals,
Tenth Circuit.

Oct. 23, 1987.

Margie J. Phelps of Phelps-Chartered, Topeka, Kan., for petitioners.

Richard D. Rogers, U.S. Dist. Court for the D. Kansas, filed a response in his own behalf.

Before BALDOCK, SETH, and BARRETT, Circuit Judges.

PER CURIAM.

After examining the petitions for writ of mandamus and other documents filed in connection with these cases, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these petitions. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.2. The causes are therefore ordered submitted without oral argument.

These matters come on for consideration of two petitions for writ of mandamus seeking the disqualification of the Honorable Richard D. Rogers, United States District Court for the District of Kansas, from further proceedings in two cases, Dist.Ct. Nos. 79–4049 and 79–4069, in which petitioner, Dr. Myra Hinman, is the plaintiff. We have previously denied the petition with respect to the copetitioners in No. 86–1031.

Petitioner claims that the judge is biased and prejudiced against her and her attorneys, biased and prejudiced in favor of the defendants, has a financial interest in one defendant in No. 79–4049, and that she cannot obtain a fair trial or the appearance of impartiality. For these reasons, petitioner contends the judge is disqualified under 28 U.S.C. §§ 144 and 455. All proceedings below were stayed by the district judge pending resolution of these petitions.

The decision to recuse is committed to the sound discretion of the district judge. We review the denial of a motion to recuse only for abuse of that discretion. *Varela v. Jones*, 746 F.2d 1413, 1416–1417 (10th Cir.1984); *See also, United States v. Page*, 828 F.2d 1476, 1481 (10th Cir.1987).

Under 28 U.S.C. § 144, an affidavit of bias and prejudice must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel. The affidavits of Dr. Hinman also seek to incorporate numerous other affidavits, court orders, transcripts, and newspaper articles, most of which are not directly related to Dr. Hinman's allegations of bias and prejudice. We have concluded as follows:

1. Both affidavits are untimely. The only factual allegations personal to petitioner refer to events, the *latest* of which occurred three months prior to the filing of the affidavit in No. 79–4049, and five months before the affidavit was filed in No. 79–4069. A motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered. *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir.1979). Although the affidavit in No. 79–4069 seeks to incorporate reference to events occurring a few weeks before that affidavit was filed, these alleged "facts" have nothing to do with petitioner.

2. Also under 28 U.S.C. § 144, the affidavits are legally insufficient. In assessing the affidavit's sufficiency, the judge may not consider the truth of the facts alleged. *United States v. Gigax*, 605 F.2d at 511; *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir.1978). However, conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification. *Berger v. United States*, 255 U.S. 22, 34, 41 S.Ct. 230, 233, 65 L.Ed. 481 (1921) (construing predecessor statute). The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances. The doctrine of incorporation by reference has no place in a § 144 affidavit. *Hall v. Burkett*, 391 F.Supp. 237, 242 (W.D.Okla.1975). The affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial. *United States v. Hall*, 424 F.Supp. 508, 534 (W.D.Okla.1975), *aff'd*, 536 F.2d 313 (10th Cir.), *cert. denied*, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976). *See also United States v. Hines*, 696 F.2d 722, 728 (10th Cir.1982). At most, the statements petitioner recites the judge made were intemperate. *See Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir.1980), *cert. denied*, 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981). There is no indication, however, that the judge had formed an opinion on the merits on some basis other than what he had learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).

3. Under § 144, the only claim of bias to be considered is that against a party. *United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir.1985); *Gilbert v. Little Rock*, 722 F.2d 1390, 1398 (8th Cir.1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984). Our holdings in *Bell v. Chandler*, 569 F.2d 556 (10th Cir. 1978) and *United States v. Ritter*, 540 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976) are not to the contrary.

4. We must also consider petitioner's claims of bias and prejudice under 28 U.S.C. § 455, which is considerably broader in scope, while lacking in procedural hurdles. *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir.1986); *United States v. Hines*, 696 F.2d at 728. The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *United States v. Hines*, 696 F.2d at 728. *See also United States v. Page*, 828 F.2d 1476, 1481; *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *United States v. Gigax*, 605 F.2d at 511.

Under this section, factual allegations do not have to be taken as true. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986); *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir.1985); *Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1019–1020 n. 6 (5th Cir.1981), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982). Nor is the judge limited to those facts presented by the challenging party. *Idaho v. Freeman*, 507 F.Supp. 706, 721, 723 (D.Idaho 1981) (judge considers all circumstances, both public and in hidden view); *Gilbert v. Little Rock*, 722 F.2d at 1399.

There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is. *Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 12 (1st Cir.1981), *cert. denied*, 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982); *United States v. Haldeman*, 559 F.2d 31, 139 n. 360 (D.C.Cir.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977); *see also United States v. Bray*, 546 F.2d 851, 857 (10th Cir.1976); *Danielson v. Winnfield Funeral Home, Inc.*, 634 F.Supp. 1110, 1116 (E.D.La.1986), *aff'd in part without opinion sub nom, Dulaney v. Winnfield Funeral Home*, 820 F.2d 1222 (5th Cir.1987); *In re A.H. Robins, Co.*, 602 F.Supp. 243, 245 (D.Kan.1985). A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986); *see also Davis*

*v. Commissioner,* 734 F.2d 1302, 1303 (8th Cir.1984) (affidavits based on conclusions, opinions, and rumors are insufficient for recusal); *In re United States,* 666 F.2d 690, 695 (1st Cir.1981) (though public confidence may be as shaken by published inferences of bias that are false as by those which are true, judge considering disqualification must ignore rumors, innuendos, and erroneous information).

5. Finally, the allegations in the recusal requests do not support the claim that the judge has a financial interest in defendant Kansas University Endowment Association. *See, e.g., Lidstone v. Block,* 773 F.2d 1135 (10th Cir.1985); *Department of Energy v. Brimmer,* 673 F.2d 1287, 1294–1295 (Em.Ct.App.1982); *Brody v. President & Fellows of Harvard College,* 664 F.2d 10 (1st Cir.1981), *cert. denied,* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982).

 Based on all the factors attendant to these cases, we have determined that the district judge did not abuse his discretion in declining to disqualify himself from hearing the matters. Accordingly, the petitions for writ of mandamus are DENIED.