48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald AUSTIN, Defendant-Appellant.
 No. 94-1108.
94-1256 (D.C. No. 91-CR-147)
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Donald Austin appeals pro se the district court's denial of his post-conviction motions for recusal, new trial, evidentiary hearing, and transcript. We affirm.
 
 
 3
 A jury convicted Mr. Austin pursuant to 18 U.S.C. Secs. 1341, 1343, and 1010 of multiple counts of mail fraud, wire fraud, and making false statements for his participation in a scheme to defraud the United States Department of Housing and Urban Development. We affirmed Mr. Austin's conviction and sentence on November 12, 1992 in an unpublished order. On February 11, 1994, Mr. Austin filed motions for recusal, new trial, and an evidentiary hearing, which the district court denied on February 16. On April 29, Mr. Austin filed a Motion for a Transcript. The district court denied this motion as well. Mr. Austin appeals the denial of these four motions. We construe Mr. Austin's motions as a petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2255.
 
 
 4
 An indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a section 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit. 28 U.S.C. Sec. 753(f). We have construed section 753(f) as requiring that the defendant show "particularized need" for the transcript. Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir.1993). In requesting trial and grand jury transcripts, Mr. Austin merely offered conclusory allegations and failed to plead with sufficient particularity to satisfy the requirements of section 753(f). Furthermore, Mr. Austin requested the transcripts after the district court ruled on his other motions, suggesting that the transcripts were not critical to the district court's disposition of the substantive issues presented in those motions. We therefore affirm the district court's denial of Mr. Austin's motion for transcripts and review the remaining motions on the basis of the existing record.
 
 
 5
 Mr. Austin asserts that he is entitled to a new trial on three grounds: (1) newly discovered evidence suggests that the trial judge should have recused herself; (2) other newly discovered evidence would exonerate him; and (3) his trial counsel was constitutionally ineffective. We review the denial of the motion for new trial for abuse of discretion. United States v. Sutton, 767 F.2d 726, 728 (10th Cir.1985).
 
 
 6
 Mr. Austin claims he should receive a new trial because the trial judge should have recused herself pursuant to 28 U.S.C. Sec. 144, 455 and the Due Process Clause of the Fifth Amendment.[2] We disagree. Under section 144, a legally sufficient affidavit of bias mandates recusal. In assessing an affidavit's legal sufficiency, a judge may not consider the truth of the facts alleged. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir.1987). However, the affidavit must state with particularity the circumstances necessitating recusal, and conclusions, rumors, beliefs and opinions are an insufficient basis for disqualification. Id. Mr. Austin argues that the trial judge's unspecified financial involvement with an alleged party to the case and unspecified personal involvement with "key figures of defendant's criminal proceedings" support recusal. Rec., vol. I, doc. 2 at 2-3; id., doc. 3 at 1/2 5. Such vague and conclusory allegations without any factual support are legally insufficient to trigger the disqualification provision of section 144,[3] and are therefore legally insufficient to warrant a new trial.
 
 
 7
 We reach the same conclusion with respect to Mr. Austin's claims of bias under 28 U.S.C. Sec. 455. Section 455 requires recusal when a "reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Hinman, 831 F.2d at 939. A judge should not recuse herself on unsupported or highly tenuous speculation. Id. As discussed above, Mr. Austin has not offered a concrete rationale for the judge's recusal. His motion therefore fails under section 455. Because we conclude that recusal is not mandated by sections 144 and 455, we also conclude that Mr. Austin has not met the more stringent requirements for recusal under the Due Process Clause. United States v. Int'l Bus. Machines Corp., 618 F.2d 923, 932 n. 11 (2d Cir.1980). We therefore hold that the district court did not abuse its discretion in denying Mr. Austin's motion for a new trial based on Judge Weinsheink's failure to recuse.
 
 
 8
 Mr. Austin further alleges that other newly discovered evidence would exonerate him. Before a new trial for newly discovered evidence is required, Mr. Austin must establish: "(1) the evidence was discovered since trial; (2) facts from which the court may infer reasonable diligence on the part of the movant; and (3) that the evidence is not merely cumulative or impeaching but is material and of such a character that on a new trial [it] would probably produce a different result." United States v. Maestas, 523 F.2d 316, 320 (10th Cir.1975). Most of the "new" evidence that Mr. Austin describes in his affidavit was apparently discovered prior to trial, and we are not convinced that the evidence, if admitted at a new trial, would lead to a different outcome. We conclude that Mr. Austin has not met his burden under Maestas and therefore affirm the district court's denial of his motion for a new trial.
 
 
 9
 Mr. Austin also argues that his trial counsel committed several errors that rendered his assistance ineffective under the Sixth Amendment. Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant must prove that he was prejudiced by his counsel's objectively ineffective assistance. Id. at 687-88. Mr. Austin does not allege any conduct that satisfies the prejudice prong of the Strickland test. Consequently, we reject his Sixth Amendment claims.
 
 
 10
 Finally, Mr. Austin appeals the district court's denial of his motion for an evidentiary hearing. Federal Rule of Criminal Procedure 33 does not mandate an evidentiary hearing, and speculation is an insufficient basis for requiring one. Sutton, 767 F.2d at 729. In reviewing Mr. Austin's motions for recusal and a new trial, we have already concluded that his claims amount to mere unsubstantiated speculation. We therefore hold that the district court's denial of Mr. Austin's motion for an evidentiary hearing was not an abuse of discretion.
 
 
 11
 We AFFIRM the district court's denial of Mr. Austin's motions for transcripts, recusal, a new trial, and an evidentiary hearing. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Because Mr. Austin asserts that he was unaware of the facts allegedly warranting recusal when direct review was available, we will address the issue on this collateral appeal. See Hardy v. United States, 878 F.2d 94, 97 (2d Cir.1989)
 
 
 [3]
 While Mr. Austin further substantiates his allegations in his opening brief on appeal, Aplt. Br. at 8; Aplee. Br. at 15-16, we will not consider these new facts on appeal