**Filed 9/19/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

THOMAS ODELL KELLY,

      Petitioner - Appellant,

    v.

MICHAEL A. NELSON, Warden;
CARLA J. STOVALL, Attorney General,

      Respondent - Appellee.

No. 96-3115

D. Kansas

(D.C. No. 95-CV-3416)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thomas Odell Kelly's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, was dismissed without prejudice by the district court so that Kelly could pursue state court remedies. Kelly immediately moved the district court to vacate the dismissal, and brought a separate motion for the recusal of the Honorable Dale E. Saffels. After both motions had been denied, Kelly requested an ex parte hearing on his motion for recusal, asserting that Judge Saffels could not rule on the issue of his own recusal. This third motion was denied as moot. Kelly has appealed the denial of these three motions.[1] The district court denied Kelly's request to proceed in forma pauperis on appeal, as well as his request for a certificate of probable cause, which we now treat as a petition for a certificate of appealability. Lennox v. Evans., 87 F.3d 431, 434 (10th Cir. 1996).

Having carefully reviewed the record before us, we agree with the district court that Kelly's present petition raises claims similar to those raised in an earlier petition, Kelly v. Stotts, Case No. 94-3010. In dismissing Kelly's appeal from the denial of that earlier petition, we explicitly noted our agreement with the district court that Kelly had not properly pursued his claims through the state court. See Kelly v. Stotts, Appeal No. 94-3084.

---

[1]Although Kelly's notice of appeal references only the denial of his motions for recusal and an ex parte hearing, we assume that he also appeals the denial of his motion to vacate, since his request for recusal would be meaningless otherwise. This accords with our obligation to construe pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Kelly presents no evidence to show that he has now actually exhausted his state court remedies. Although he raises two new ineffective assistance of counsel claims,[2] he has not demonstrated that either claim has been properly pursued in the state court, but relies instead on conclusory assertions that state court procedures are inadequate or ineffective. Kelly also relies on a letter he received from a Kansas public defender's office advising him that an unspecified motion had been denied by the state district court, and suggesting that he pursue relief under K.S.A. 60-1507 and seek the assistance of the Kansas Legal Service for Prisoners. The record before us contains no indication of any action taken by Kelly in the state courts with respect to the matter referenced in the letter. In short, we find that Kelly's arguments with respect to the denial of his motion to vacate are frivolous.

Kelly's arguments with respect to Judge Saffels' denial of the motion for recusal are also frivolous. The motion for recusal appears to be predicated on little more than the fact that Judge Saffels dismissed the § 2254 petition and did not rule on the motion to vacate as quickly as Kelly desired. Adverse judicial rulings alone are almost never a valid basis for a bias motion. Liteky v. United States, 510 U.S. 540, 555 (1994). Kelly has not presented any substantial argument for departure from this rule. His allegations of racial

---

[2]Kelly's new claims allege that public defenders failed to perfect the "first time" appeal of the state district court's denial of an ineffective assistance of counsel claim, and failed to appeal some unspecified order relating to the application of Kansas Sentencing Guidelines to Kelly's sentence.

bias are conclusory and unsupported. "Unsupported, irrational or highly tenuous speculation" is an inappropriate grounds for recusal  Hinman v. Rogers , 831 F.2d 937, 939 (10th Cir. 1987).

Finally, we note that there is no requirement that someone other than Judge Saffels rule on the motion for recusal.  As 28 U.S.C. § 455(a) explicitly provides, the judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  (Emphasis added).  The transfer to another judge for decision is at most permissive.  See United States v. Heldt, 668 F.2d 1238, 1271 n.69 (D.C. Cir. 1981), cert. denied, 456 U.S. 926 (1982).

Finding that Kelly's appeal is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(I), we DISMISS the appeal.  It follows, of course, that the certificate of appealability is DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge