UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 1/22/97**

ROBERT HENRY WERNER, also
known as Redelk Ironhorse Thomas,

     Plaintiff-Appellant,

v.

O. LANE MCCOTTER, SCOTT
CARVOR, DAVID R. FRANCHINA,
JEFFREY GALLI, NANCY KEMP,
RICHARD BURT, LYNN WALLER,
C. KIM THOMPSON,

     Defendants-Appellees.

No. 96-4050
(D.C. No. 92-CV-261-S)
(D. Utah)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Robert Henry Werner appeals from an order of the district court granting defendants' motion for summary judgment following a remand from this court. In the remand order, a panel of this court directed the district court to determine whether defendant prison officials had complied with the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1, when they determined that Mr. Walker, a Cherokee Native American, would not be permitted access to a sweat lodge or possession of a medicine bag. See Werner v. McCotter, 49 F.3d 1476 (10th Cir.), cert. denied, 115 S. Ct. 2625 (1995). We affirm.

On appeal, Mr. Walker argues he had a constitutional right to have his case heard by a new "unbiased" trial judge. He also contends the district court (1) failed to properly review his motions for summary judgment and to clarify the record, (2) failed to examine the new evidence he submitted which included his assertion that he had received unequal treatment compared to Mormons and Catholics who are allowed religious objects; and (3) erroneously accepted defendants' "over exaggerations."

We review denial of a motion to recuse for abuse of discretion. See Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987). Prior adverse rulings alone do not create grounds for disqualification. See Mitchell v. Maynard, 80

-2-

F.3d 1433, 1449 (10th Cir. 1996). Upon review, we hold that the district court did not abuse its discretion in declining to recuse.

"We review the meaning of the [RFRA] de novo, including the definitions as to what constitutes substantial burden and what constitutes a religious belief, and the ultimate determination as to whether the [RFRA] has been violated. . . ." Thiry v. Carlson, 78 F.3d 1491, 1495 (10th Cir.), cert. denied, 117 S. Ct. 78 (1996). Sincerity is a factual matter and, as with historical and other underlying factual determinations, we defer to the district court's findings, reversing only if those findings are clearly erroneous. Id.

We have reviewed the record and conclude the district court properly fulfilled its duty under the RFRA. See United States v. Meyers, 95 F.3d 1475, 1481-82 (10th Cir. 1996). Mr. Werner's arguments are without merit.

Mr. Werner's petition to enter evidence is DENIED. The judgment of the United States District Court for the District of Utah is AFFIRMED for substantially the reasons stated therein. The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge

-3-