**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

A.G. EDWARDS, JR.,

      Plaintiff-Appellant,

v.

RICHARD MACFARLANE; E. LEE
HAWKES; DONALD RASMUSSEN;
RICHARD E. MALLORY, in their
personal and individual capacity only,

      Defendants-Appellees.

No. 98-4123
(D.C. No. 97-CV-177-S)
(D. Utah)

---

ORDER AND JUDGMENT  *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff A.G. Edwards Jr. brought this action in the district court alleging a variety of tort and contract claims against defendants stemming from their alleged violation of a 1989 settlement agreement involving the United States Department of Agriculture's Farmers Home Administration (FmHA), plaintiff and others relating to certain property in Nevada. Defendants are all present or former employees of the FmHA.

On October 6, 1997, defendant Mallory filed a motion to dismiss for failure to timely serve the complaint pursuant to Fed. R. Civ. P. 4(m) and for lack of personal jurisdiction. On that same day, the other defendants moved for summary judgment on the bases that they were not parties to the settlement agreement; the court lacked jurisdiction to hear a breach of contract claim against the United States; any breach of contract claim was barred by the applicable statute of limitations; and they were qualifiedly immune from the tort claims. Alternatively, they contended the case should be dismissed because they were not properly served. The magistrate judge granted plaintiff one extension of time to respond, until November 15, 1997, but denied plaintiff's subsequent requests for extensions. On May, 19, 1998, the district court denied plaintiff's objections to the magistrate judge's denial of his request for extensions of time to respond.

-2-

Although subsequent to the filing of defendants' dispositive motions, plaintiff filed a variety of his own motions and objections, he never responded to defendants' dispositive motions. On June 18, the district court granted defendants' motions on the merits on the record before it and dismissed plaintiff's case. Plaintiff filed a timely notice of appeal.

Because plaintiff proceeds pro se, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff first contends that the district and magistrate judges assigned to his case were biased against him and should have recused themselves. He did not move for their recusal in the district court (nor did he raise his "corollary" argument that venue should be changed), and we therefore will not consider the issue on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Moreover, we note that plaintiff's generalized and conclusory allegations of bias are insufficient to show a need for recusal or disciplinary action against the judges, which he also requests. *See Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Plaintiff also challenges a number of the district court's procedural rulings--the grant of defendants' and denial of his motions to extend time to respond; his motion to disqualify counsel for the Department of Justice from representing defendants; and the denial of his request for default judgment. We review these rulings for an abuse of discretion, *see Buchanan v. Sherrill*,

-3-

51 F.3d 227, 228 (10th Cir. 1995) (time extensions); *McEwen v. City of Norman*, 926 F.2d 1539, 1550 (10th Cir. 1991) (disqualification of counsel); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (default judgments), and see no abuse of that discretion here.

Finally, though plaintiff filed no response to defendants' dispositive motions in the district court, he apparently challenges the district court's dismissal of his action on the merits. We review a district court's grant of summary judgment and dismissal for lack of personal jurisdiction de novo, *see Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996); *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 173 (10th Cir. 1992), and dismissal for lack of timely service for an abuse of discretion, *see Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). Even if we consider plaintiff's requests for judicial notice of new adjudicative facts, we conclude that plaintiff has not identified any error in the district court's ruling.

The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-