**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ABDELRAHMAN E. MOHAMED,

Plaintiff-Appellant,

v.

STATE OF OKLAHOMA, ex rel.
OKLAHOMA DEPARTMENT OF
TRANSPORTATION,

Defendant-Appellee.

No. 98-6274
(D.C. No. CIV-97-1720-M)
(W. Dist. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **MAGILL**,[**] and **EBEL**, Circuit Judges.

---

Abdelrahman E. Mohamed filed this action against his employer, the

Oklahoma Department of Transportation, asserting that he had been discriminated

against because of his race, national origin, and religion, and that he had been

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

retaliated against for complaining of the discrimination. He also asserted a state tort claim for breach of an alleged covenant of good faith and fair dealing. In two separate orders, the district court granted summary judgment against Mr. Mohammed on his race/national origin, retaliation, and state law claims. The court denied summary judgment on Mr. Mohamed's religious discrimination claim relating to defendant's requirement that he take leave to travel to his Mosque for Friday prayer when it allegedly permitted co-workers to celebrate religious holidays such as Christmas during working hours. After a trial, the jury found for defendant on the religious discrimination claim. Mr. Mohamed appeals, and we affirm.

On appeal, Mr. Mohamed contends the district court erred when it granted summary judgment against him on all but his claim of religious discrimination. We have reviewed the entire record, and we are not persuaded the district court erred. In two very thorough orders, the district court reviewed the record submitted by Mr. Mohamed in response to defendant's motions for summary judgment and determined Mr. Mohamed had not supported his allegations with sufficient evidence to warrant a trial on the issues. *See* **ORDER** filed June 3, 1998; **ORDER** filed June 8, 1998. We are in substantial agreement with the district court's analysis of both the facts and the law in both of those orders, and we affirm the grant of summary judgment.

-2-

Mr. Mohamed complains that the timing of the district court's rulings on the motions for summary judgment just prior to trial was prejudicial to him. However, nothing in the record on appeal indicates that Mr. Mohamed moved the district court for a continuance of the trial date or otherwise alerted the court to any prejudice. While it would no doubt have made it easier for both parties if the court had ruled sooner, the court did not abuse its discretion in failing to do so.

Mr. Mohamed also contends the district judge abused her discretion by refusing to recuse when it was pointed out that Mr. Mohamed had attempted unsuccessfully to hire her several years before she became a judge to represent him with respect to certain discrimination claims against this same defendant. Mr. Mohamed relies on 28 U.S.C. § 455(a), which requires a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." "'The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *United States v. Stenzel*, 49 F.3d 658, 661 (10th Cir. 1995) (quoting *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987)).

The record reflects that no formal motion to recuse was filed. Rather, after stipulating in a Joint Status Report that he did not consent to trial before a magistrate judge, Mr. Mohamed subsequently filed a consent form. The district court entered an order granting the motion despite the fact that defendant had not

consented. Defendant filed an application to return the case to the district court, pointing out its lack of consent. Mr. Mohamed filed an objection to the application and in an attachment to that objection asserted as follows:

> 1. When the Complaint was filed in this cause it was assigned by lottery to Judge Vicki Miles-LaGrange.
>
> 2. Plaintiff legal counsel and the Judge graduated from the same high school. The Judge has a long and distinguished career in public service. In all proceedings and appearances at the status conference, Judge Miles-LaGrange has been most cordial and professional with all legal counsel. Plaintiff legal counsel has not detected any bias by Judge Miles-LaGrange toward or against either party.
>
> 3. That some years ago Plaintiff telephoned Judge Miles-LaGrange before she was a federal judge during a time she was an Oklahoma State Senator. Plaintiff was seeking legal counsel against ODOT. Plaintiff reached Senator Miles-LaGrange by telephone and discussed with her some acts and omissions against him by ODOT and Plaintiff requested that Senator Miles-LaGrange represent him against ODOT as legal counsel. Plaintiff reports Senator Miles-LaGrange said she "was not interested" and did not take Plaintiff's case, did not meet personally with the Plaintiff, and did not review any documents of the Plaintiff.
>
> 4. Then, in this case, on March 9, 1998, the Court issued an Order on Plaintiff's Motion for Protective Order and ordered Defendant's initial Interrogatories and Requests for Production to be stricken and any future Interrogatories and Requests for Production drafted by the Defendant shall not include discovery requests concerning records or matters already in Defendant's possession.
>
> 5. Then, two days later on March 11, 1998, the Court entered a second Order on Plaintiff's Motion for Protective Order. The Court vacated its March 9, 1998 Order and granted Defendant's Motion to Compel and ordered Plaintiff to respond to Defendant's Interrogatories and produce documents requested within ten days.

-4-

6. Neither Plaintiff nor Plaintiff's legal counsel received any explanation for the Court's sudden change of position.

7. Plaintiff feels the earlier actions of Senator Miles-LaGrange in originally not being interested in taking his case, coupled with said dramatic change in ruling on Plaintiff's Motion for Protective Order demonstrates judicial bias against the Plaintiff and Plaintiff does not feel he can receive a fair trial based on those actions.

Aplt. App. at 49-50. Without responding to Mr. Mohamed's assertion of bias, the district court entered an order noting the lack of consent by defendant to trial before the magistrate judge and directing that the case be returned to the district court's docket.

On the first day of trial, Mr. Mohamed again raised the issue of appearance of impartiality in the context of asking the court for an explanation of why the case was transferred to the magistrate and then taken back. The court first stated: "I would say for the record that I'm looking at [Mr. Mohamed] and I certainly do not know him or recall ever meeting him, just from being here in court today." Aplee. Supp. App., vol II, at 233. Counsel for Mr. Mohamed then said:

To clarify for the Court, Mr. Mohamed's previous contact with you, I am advised, was in the nature of a telephone call only to you to seek representation. You were not interested in taking the case. We have no evidence that you ever met with Mr. Mohamed, represented him or the Department of Transportation or anybody else. But there was a telephone contact, he advises me, and that was the reason for our request. It is limited to that.

Id. at 235. The court then explained again why the case could not be transferred to the magistrate judge, to which counsel responded, "I accept that explanation.

-5-

We were just making a record to try to iron that out and find out what happened." *Id.* at 236.

The objective standard of 28 U.S.C. § 455 requires a factual basis for questioning a judge's impartiality. *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993). Adverse rulings by a judge do not constitute grounds for recusal. *See id.* at 994. Moreover, it is ludicrous to suggest there is an appearance of impartiality because the judge, many years before, once turned down a telephone request from Mr. Mohamed seeking representation in a discrimination case against this defendant. Based on no more facts than those alleged, no objective person would question the judge's impartiality in this case, and she had no obligation to recuse.

Finally, Mr. Mohamed argues the district court erred in declining to give a his requested Instruction No. 3, which would have told the jury that plaintiff was not required to produce direct evidence of unlawful motive, and also would have told the jury that plaintiff need not prove that religion was the "sole motivation or the primary motivation for defendant's personnel actions." Aplt. App. at 314. The district court did not err in refusing to give this instruction. First, the court already had an instruction covering circumstantial evidence which described for the jury the difference between direct evidence and "indirect or circumstantial evidence." *Id.* at 297. Second, as the district court recognized, the proposed

instruction would have made this a mixed motive case, which even counsel for Mr. Mohamed recognized he had not alleged. *See* Aplee. Supp. App., vol II, at 365-66.

In sum, Mr. Mohamed has not convinced us the district court erred. We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge