# IN THE COURT OF APPEALS OF IOWA

No. 17-1492
Filed August 1, 2018

**DIANA VERDUGHT,**
      Plaintiff-Appellant,

**vs.**

**LEE COUNTY, IOWA,**
      Defendant-Appellee.

_____

Appeal from the Iowa District Court for Lee (South) County, Michael J. Schilling, Judge.

A plaintiff appeals the district court judge's denial of a motion for recusal. **AFFIRMED.**

Curtis R. Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Steven E. Ort of Bell, Ort & Liechty, New London, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The question presented in this appeal is whether the district court judge abused his discretion in failing to recuse or disqualify himself from presiding over a civil jury trial. In determining whether recusal is necessary in any particular case, "the burden of showing grounds for recusal is on the party seeking recusal." *State v. Haskins*, 573 N.W.2d 39, 44 (Iowa Ct. App. 1997). "This burden is substantial[,] and we will not overturn the trial judge's decision absent an abuse of discretion." *Id.* To show an abuse of discretion, a party must demonstrate the judge exercised his discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *In re Estate of Olson*, 479 N.W.2d 610, 613 (Iowa Ct. App.1991) (quoting *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976)).

The record reflects Diana Verdught filed this suit against Lee County, Iowa, in September 2015. In her petition, she asserted the following claims against the county: (1) "wrongful discharge from employment/retaliatory discharge by constructive discharge;" (2) "violation of whistle blower statute;" (3) retaliatory hostile work environment; and (4) hostile work environment based on her sex. The matter came on for trial in August 2017. At the time of trial, the district court judge disclosed to the parties information that might be relevant to a motion for disqualification.

> I would like to begin with, Iowa Rule 51:2.11 and 5 says that, quote, a judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.
> So based upon that comment, I want to make it clear for the record a couple things.
> Number one, my wife works for Lee County, Iowa, in the Public Health Department.

Second, I know—I know Mr. Buckley [a supervisor in plaintiff's department], and I've met him a time or two in connection with my wife's employment. I have no social relationship with Mr. Buckley, past or present, neither does my wife, other than the fact that they may have had contact with each other in connection with their employment with Lee County.

Next, I do know, have met, the members of the Lee County Board of Supervisors. I've met them in my capacity as a judge because I've sworn in the sheriff and deputy sheriffs for Lee County, Iowa, on three or four occasions. I've also sworn in members of the Board of Supervisors. I have no ongoing past or present social relationship with any members of the Lee County Board of Supervisors, and, of course, in my capacity as a judge, I know other members of the—or in employment with Lee County, including the Lee County attorney, the assistant Lee County attorney—attorneys, I should say. I also know Denise Fraise, who has—I think she might be the auditor. I've had dealings with her both in my capacity as a judge, and she's the one that calls me to swear in Lee County officials when I'm asked to do that. I've also met her at the Lee County office building in Fort Madison when the election results for the bond referendum for the public health building were announced.

I have no past or present social relationship with any of the individuals that I've mentioned, other than my wife, of course.

So if any of you want to discuss what I said outside my presence, you have the right to do so. If you feel that you want to make a further record about what I just said, feel free to. We can take a recess, and you can discuss it in private.

After the judge disclosed this information to the parties, plaintiff's counsel and Verdught discussed the issue outside the presence of the district court judge. Verdught subsequently requested the district court judge disqualify himself because of a conflict of interest. Defense counsel had no objection to the judge presiding over the trial. The district court judge denied the request, stating as follows:

THE COURT: The request that the Court recuse or disqualify itself is denied, and I'll explain my reasons.

I've carefully reviewed a couple times today Rule 51:2.11, which sets forth the specific circumstances under which it's mandatory that a judge disqualify himself or herself, and there's been no suggestion made by the plaintiff that any of those apply. In looking them over, I don't think any of those apply. The comment to

the rule says: Under this rule a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of Paragraphs (A)(1) through 5 apply.

I suppose the key word there is might reasonably be questioned, and, Mr. Dial [Verdught's counsel], as I understand it, the basis for your concern is the fact that my spouse is an employee of Lee County, Iowa; is that—is that the basis of your concern?

MR. DIAL: Yes, Your Honor.

THE COURT: Okay. I'm not sure how many people are employed by Lee County, Iowa, but my wife is not an employee of a particular—this was a conservation board or conservation office issue. She's not an employee of that office, and I don't see how a verdict for or against the defendant in this case would have any impact—economic impact on her. I don't—I just don't think there's a fair basis for concluding that the Court's impartiality can reasonably be questioned in this case under those circumstances. I think the connection between my spouse and the facts and circumstances of this case are just too tenuous to make that a basis for disqualification, so I'm going to overrule that. Any other record you want to make on that, Mr. Dial?

Let me—before I—let me also add, this is the day that the trial is scheduled to start, and this case was filed on September 11, 2015; in other words, it's two weeks shy of being two years old. Both parties deserve a resolution of the case. It's been scheduled for jury trial before and continued. It's been to the Appellate Court once, and it's time to get the case resolved. We also are short one judge in this district. We also have at least one judge on vacation. Whether it's even possible to get another judge to hear this case this week, I'm not certain. I want to add that to the record, because I think that's a consideration. Those things are a consideration as well.

The matter proceeded to trial, the jury found in favor of Lee County, and the district court judge entered judgment in favor of the county. The plaintiff timely filed this appeal.

We cannot conclude the plaintiff carried her substantial burden of establishing the district court judge abused his discretion in denying the disqualification motion. The relevant standards for recusal are set forth in the Iowa Code of Judicial Conduct. "A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." Iowa Code of Judicial

Conduct R. 51:2.2. The Iowa Code of Judicial Conduct enumerates certain circumstances in which the judge must recuse himself. *See* Iowa Code of Judicial Conduct R. 51:2.11(A)(1)–(6). One such circumstance is when the "judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding." Iowa Code of Judicial Conduct R. 51:2.11(A)(1). The enumerated circumstances are nonexclusive, however, and the "judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ." Iowa Code of Judicial Conduct R. 51:2.11(A).

Here, there is no actual conflict of interest requiring recusal under the Code of Judicial Conduct. *See* Iowa Code of Judicial Conduct R. (A)(1)–(6). Nor are there any facts present in which the district court judge's impartiality might reasonably be questioned. *See* Iowa Code of Judicial Conduct R. 51:2.11 cmt. 1. As the district court judge noted, while his spouse was employed by the county, his spouse was not employed in the same agency as the plaintiff or the relevant witnesses. The plaintiff was employed in the Conservation Department. The judge's spouse worked in the Health Department. The district court judge stated he did not have any personal knowledge of the facts and circumstances of the case. The mere fact the judge's spouse was employed by the county does not give rise to any reason to believe a verdict entered against the county would have had any consequences, financial or otherwise, for the judge's spouse or the judge. *See, e.g., Ex parte James*, No. 1950241, 1997 WL 35021641, at *2 (Ala. Jan. 10, 1997) (denying recusal motion where judge's spouse was employed by government entity, government entity was a party, and there was no reason to

believe the litigation would have any financial impact on the judge's spouse or the judge), *vacated on other grounds*, No. 1950241, 2001 WL 36647064 (Ala. June 29, 2001); *State v. Putnam*, 675 A.2d 422, 424–25 (Vt. 1996) (stating there is no per se rule requiring recusal "where a spouse or other relative is employed by, or is otherwise aligned with, a party appearing before the judge" and citing cases).

In addition, the judge has the duty to decide. The judge is duty-bound to "hear and decide matters assigned to the judge, except when disqualification is required by rule 2.11 or other law." Iowa Code of Judicial Conduct R. 51:2.7.

> Judges must be available to decide the matters that come before the court. Although there are times when disqualification is necessary to protect the rights of litigants and preserve public confidence in the independence, integrity, and impartiality of the judiciary, judges must be available to decide matters that come before the courts. Unwarranted disqualification may bring public disfavor to the court and to the judge personally.

*Id.* at 51:2.7 cmt. 1. It has thus been observed that mere speculation of partiality is not sufficient; "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987).

In this case, the district court judge appropriately considered his duty to decide the case. The district court judge noted judicial resources in the district court were limited because there was a judicial vacancy and another judge was unavailable. The district court judge noted the case had been pending for a significant period and the matter should be tried without further delay. These considerations support the denial of the motion. *See, e.g.*, *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000) (noting an erroneous recusal may be prejudicial in some circumstances and that "the unnecessary transfer of a case

from one judge to another is inherently inefficient and delays the administration of justice"); *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 491 (1st Cir. 1989) (noting that the judicial system would be "paralyzed" were standards for recusal too low).

Finally, the plaintiff has not established prejudice. "Before recusal is necessary, actual prejudice must be shown." *State v. Biddle*, 652 N.W.2d 191, 198 (Iowa 2002). This matter was tried to a jury, and the jury returned a verdict in the defendant's favor. The plaintiff has not identified any ruling or other action of the judge that prejudiced the plaintiff's ability to fairly present her case to the jury. Indeed, the plaintiff does not even allege prejudice. The mere allegation of impropriety without a showing of prejudice is not sufficient to merit reversal. *See In re A.B.,* 445 N.W.2d 783, 784 (Iowa 1989).

The district court judge in this case appropriately disclosed on the record information the judge believed the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification even though the judge believed there was no basis for disqualification. The judge appropriately allowed the parties to discuss the matter outside the judge's presence and then make a record on the issue. The judge heard from the plaintiff's lawyer on the request for disqualification. Ultimately, the judge denied the motion on the ground there was no conflict of interest and no appearance of impropriety. In addition, the exigencies of the situation demanded the judge preside over the case. This decision was committed to the sound discretion of the judge. The plaintiff has not established

the district court judge's reasons for denying the motion were unreasonable, untenable, or otherwise an abuse of the judge's considerable discretion.

**AFFIRMED.**