**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

MTGLQ INVESTORS, LP,

    Plaintiff - Appellee,

v.

MONICA L. WELLINGTON,

    Defendant - Appellant.

No. 22-2070
(D.C. No. 1:17-CV-00487-KG-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

This matter grows out of the foreclosure and sale of Ms. Monica Wellington's house. After granting summary judgment against Ms. Wellington on the foreclosure claim, the district court appointed a Special Master (Ms. Margaret Lake) to conduct the sale. The Special Master completed the foreclosure sale, and the district court approved it.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Ms. Wellington appealed, and this Court affirmed the district court's order. *See MTGLQ Invs. v. Wellington*, 856 F. App'x 146 (10th Cir. 2021).

Following the foreclosure sale, Ms. Wellington moved to vacate the order approving the sale and to disqualify the district judge. The district court denied both motions, and Ms. Wellington appeals on three grounds: (1) procedural errors in appointing the Special Master and approving the Special Master's report, (2) invalidity of the sale based on the Special Master's unauthorized practice of law, and (3) abuse of discretion in the denial of the motion to disqualify the district judge. We reject these arguments.

## I.    The district court didn't abuse its discretion in approving the Special Master's report.

We review the district court's application of non-jurisdictional procedural rules for an abuse of discretion. *See United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993).

Ms. Wellington argues that she didn't have enough time to respond to the Special Master's report. Parties generally have 21 days to object to the report. Fed. R. Civ. P. 53(f)(2). Here the district court approved the sale after only 6 days. Though Ms. Wellington didn't have the typical 21 days, she doesn't identify any meritorious challenges that she would have presented with more time.

2

Even without a response, the district court considered possible challenges and determined that

- the notice of the foreclosure sale had been proper and the procedures adequate and

- the sale price did not shock the conscience.

Ms. Wellington does not identify any flaws in the district court's reasoning. And without such flaws, the timing of the decision wouldn't have prejudiced Ms. Wellington.

She also alleges defects in the Special Master's appointment. But she needed to raise these defects when responding to the original appointment. In October 2019, the creditor had submitted a proposed judgment that included appointment of a special master. Ms. Wellington then had a chance to object, and she did so. But her objections didn't address the qualifications of the Special Master or the sufficiency of the Special Master's appointment.

Once the district court appointed the Special Master, Ms. Wellington waited more than two years to object. Like the district court, we consider these objections late; and Ms. Wellington has not shown good cause for the delay. That delay constituted a waiver of any objections to the appointment. *See Regents of Univ. of New. Mexico v. Knight*, 321 F.3d 1111, 1127 (Fed. Cir. 2003) ("It is well-settled that objections to the

appointment and use of a special master may be waived if not made in a timely fashion.").

## II.     Ms. Wellington has not shown that the Special Master engaged in the unauthorized practice of law.

Ms. Wellington argues that the Special Master engaged in the unauthorized practice of law. For this argument, Ms. Wellington relies on *State Bar v. Guardian Abstract & Title Co.*, 575 P.2d 943 (N.M. 1975). There the New Mexico Supreme Court held that lay employees would have been engaged in the practice of law if they had exercised legal judgment about a form or had given advice about the effect of a document. 575 P.2d at 949. Based on this holding, Ms. Wellington contends that the Special Master engaged in the unauthorized practice of law by preparing a deed for conveyance of the property to the highest bidder.

We disagree. The Special Master obtained supervision by the district court, which reviewed and approved the foreclosure sale and the Special Master's Deed. *See* Appellant's App'x vol. VI, at 97–98. Given the district court's supervisory role, the Special Master's preparation of the deed didn't involve the unauthorized practice of law under *State Bar v. Guardian Abstract & Title Co.*, 575 P.2d 943 (N.M. 1975).

## III.     The district judge did not abuse his discretion by declining to recuse.

Ms. Wellington sought the district judge's recusal under 28 U.S.C. § 455. Under § 455, recusal would have been required if the "judge's

4

'impartiality might be reasonably questioned'" by a reasonable person who knows all of the relevant facts. *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982) (quoting *United States v. Ritter*, 540 F.2d 459, 462 (10th Cir. 1976)). The district judge denied the motion, and we review this decision for an abuse of discretion. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987).

A district court's ruling on a motion to recuse is considered an abuse of discretion if it was an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003) (internal quotation marks omitted).

Ms. Wellington argues that the district judge showed partiality by condoning the unauthorized practice of law. As discussed above, the Special Master did not engage in the unauthorized practice of law. So the judge's approval of the Special Master's report did not reflect partiality.

Even if the judge had erred, though, an error in the ruling wouldn't have shown partiality. In fact, the district judge elsewhere denied the creditor's request to appoint a receiver to manage rental income from the property, reasoning that (1) Ms. Wellington probably hadn't committed fraud and (2) the property was not in imminent danger of a loss, concealment, or diminution in value. Appellant's App'x vol. II, at 227. The

5

district judge's actions thus don't reflect an arbitrary, whimsical, or manifestly unreasonable resolution of Ms. Wellington's claims.

Even if the district judge had erred, though, the error would have been harmless. To decide whether a § 455 violation is harmless, we evaluate "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Higganbotham*, 328 F.3d at 645–46 (internal quotation marks omitted).

None of those risks are present here. This Court has already affirmed the district court's order of foreclosure and sale. *MTGLQ Invs., LP v. Wellington*, No. 20-2000, 856 F. App'x 146 (10th Cir. 2021). And Ms. Wellington retained her ability to redeem the property. We thus see no reason for the public to question the district judge's impartiality.

## IV.  Conclusion

The district court acted within its discretion when approving the sale and denying Ms. Wellington's motion to recuse. So we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge