**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

ARTHUR WILLIAMS, JR.,

　　Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

　　Defendant - Appellee.

No. 23-3185
(D.C. No. 2:22-CV-02368-EFM)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

Arthur Williams, Jr., appearing pro se, sued the Commissioner of the Social Security Administration ("Commissioner") in the District of Kansas for monetary damages following reductions in his supplemental security income ("SSI") payments. The lawsuit was dismissed as a matter of law after the Social Security Commission (the "Commission") established that it had recently paid Williams a lump sum to remedy several monthly SSI payments allegedly owed to him.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Williams appeals that dismissal, arguing that the district court erred by not allowing him to pursue his claims for monetary damages for the alleged constitutional violations committed by the Commissioner and other officials when they reduced his SSI payments. He also argues the dismissal was improperly motivated by the bias of a newly reassigned judge.

Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

I

Williams filed suit in the United States District Court for the District of Kansas in September 2022, alleging that he was improperly denied SSI payments based on a change in his income status. He claimed that several monthly SSI payments were owed to him and that he was not provided proper notice that his payments would be reduced. He further alleged that the disruption of his monthly SSI payments caused violations under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. As a remedy, he sought "2.9 million [dollars] in compensatory and punitive damages." ROA at 9.

In January 2023, the district court denied the Commissioner's initial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). It determined that Williams raised a viable procedural due process challenge by alleging that the Commissioner had altered his SSI payments without notice or an opportunity to challenge that decision.

After an investigation, the Commission admitted that it had failed to provide Williams notice of this change in benefits. It then issued payment to Williams by giving him a lump sum of $8,588.70 for the SSI benefits owed to him for June 2022 to April 2023.

2

Williams does not challenge the amount of this lump sum payment. Around the same time, the Commission also informed Williams that going forward it would cease paying him monthly SSI benefits. This cessation determination was based on his change in income status, and he was notified that he had 60 days to appeal that decision. Williams did not contest the cessation determination.

After making the lump sum payment to Williams for the payments owed for June 2022 to April 2023, the Commissioner filed a second motion to dismiss under Rule 12(b)(1) in April 2023, arguing that the district court now lacked subject matter jurisdiction because the case was moot. The Commissioner explained that Williams was made whole by the $8,588.70 lump sum payment for any past benefits owed and that he had received proper notice of the change to his future SSI payments. Thus, with no dispute remaining over the past or future SSI payments to be paid to Williams, the Commissioner argued that the case should be dismissed.

The district court agreed with the Commissioner and the case was dismissed on October 4, 2023. The case had changed judges at this point following a reassignment. When the second motion to dismiss was filed, the case had been reassigned.

Williams sought reconsideration of the decision and alleged the reassigned judge's ruling was tainted by bias. The district court denied reconsideration on the merits and rejected the bias allegation, pointing out that Williams had failed to provide an affidavit in support of his claims of bias.

Williams appeals the dismissal.

## II

We have jurisdiction over this final judgment under 28 U.S.C. § 1291.

Williams raises two arguments: (1) he should be allowed to pursue compensatory and punitive damages for the alleged constitutional violations committed by the Commissioner and other officials when they cut off his SSI payments; and (2) bias requires that the case be remanded and reassigned to the first district judge who handled his case, before it was reassigned.

"We review de novo a dismissal for lack of subject-matter jurisdiction[,]" and in doing so, we "review any findings of jurisdictional facts for clear error." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020). On the claim of bias and the district court's alleged error in declining to recuse, we apply an abuse of discretion standard. *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1255 (10th Cir. 2022). Because Williams is acting pro se, we construe his filings liberally, but do not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## A

Williams notably disclaims any procedural due process arguments regarding past or future SSI payments. He does not dispute that in April 2023, he was paid a lump sum for the benefits owed to him for June 2022 to April 2023. He also does not challenge that he was provided sufficient notice that his future SSI benefits would be reduced based on a change in his income status.

Instead, Williams appeals only his inability to pursue monetary damages for the alleged constitutional violations committed by the Commissioner and other officials when

they decreased his SSI benefit payments. He states that "[t]he defendants tried to make [this case] an administrative issue when it is not," Opening Br. at 2, and that he has been "pushed into an administrative argument rather than [a] constitutional argument[.]" *Id.* Seeking monetary damages for these alleged constitutional violations, he argues on appeal that it was "wrong" to ignore his request for "compensatory and punitive damages" against the Commissioner. *Id.*

The United States Supreme Court has foreclosed claims for monetary damages in the form of compensatory and punitive damages for alleged constitutional violations arising out of the denial or reduction of Social Security payments. As the district court recognized, the Social Security Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988); *see also Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 859–60 (10th Cir. 2016) (discussing *Chilicky* and how it forecloses a *Bivens* remedy for the denial or reduction of Social Security payments).

Thus, although Williams condemns the dramatic unfairness and inequality in the reduction of his benefits, we have no discretion to consider these factors. "The Social Security Act does not deal with the concept of 'equality' or with the guarantee of 'civil rights,'" *Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 621 (1979), and we must apply the Supreme Court's controlling decision in *Chilicky*, 487 U.S. at 424. Simply put, compensatory and punitive damages are unavailable forms of relief for the denial or reduction of Social Security payments. *See Lombardi v. Small Bus. Admin.*, 889 F.2d 959,

5

961–62 (10th Cir. 1989) (explaining that *Chilicky* forecloses "intrusion by the Courts into the statutory scheme established by Congress" under the Social Security Act).

In conclusion, "[b]ecause the relief sought" by Williams "is unavailable as a matter of law," his claims for compensatory and punitive damages were properly dismissed. *Chilicky*, 487 U.S. at 429.

## B

Williams also claims the newly assigned district judge was biased in favor of the Commissioner. When Williams filed a motion to reconsider the dismissal of his case, however, the newly assigned district judge explained that the original judge assigned was "a senior judge" who "carries a reduced caseload. Reassignment occurred because he already had a large caseload, and the case involves a civil constitutional question." ROA at 227–28. The newly assigned judge further explained that Williams had failed to submit an affidavit, as is required, to substantiate the basis for his allegation of bias or in any way "identify any facts showing bias, prejudice, or lack of impartiality." *Id.* at 228.

On appeal, Williams still offers no factual basis for the alleged bias, and "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification" of a district judge. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). In fact, we have advised that a district judge owes "a duty *not* to recuse himself [or herself] on unsupported speculation." *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988) (citing *Hinman*, 831 F.2d at 939–40).

Finally, as we explained above, the district court properly dismissed Williams' case as a matter of law by applying controlling Supreme Court authority. In doing so, the district

court exercised no discretion and mechanically applied controlling law. As a result, bias

played no possible role in the dismissal of Williams' claims.

III

The dismissal is AFFIRMED.


Entered for the Court


Richard E.N. Federico
Circuit Judge