**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANDREW LEO LOPEZ, doing
business as ANDREW LEO LOPEZ,
CPA,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
TREASURY DEPARTMENT;
INTERNAL REVENUE SERVICE;
COMMISSIONER OF INTERNAL
REVENUE; JOELLA APODACA;
PATRICIA ANDREWS; JAMES E.
DUMERER; SAM CHAVEZ; DEBRA
CORONA; MARY ENGDAHL;
SANDY HAYES; REBA JOHNSON;
PATRICIA MILLER; LOU NEZ;
RICHARD A. SCULLY; LESLIE S.
SHAPIRO; SCOTT ROSENZWEIG;
LUCY TELLEZ; MATILDA
WALLING, individually and in their
official capacities; ROBERT M.
RUBIN; STEPHEN M. WALKER,
individually and as partner in Rogoff,
Diamond and Walker a New Mexico
Partnership; ROGOFF, DIAMOND
AND WALKER, a New Mexico
Partnership; AMERICAN INSTITUTE
OF CERTIFIED PUBLIC
ACCOUNTANTS,

      Defendants-Appellees.

No. 01-2090
(D.C. No. CIV-97-1303 BB/KBM)
(D.N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Andrew Leo Lopez, a Certified Public Accountant proceeding pro se, appeals from orders of the district court denying him relief in his two consolidated cases.  The first case was an appeal of an administrative decision by the Treasury Department to disbar him from practicing before the Internal Revenue Service (IRS).  In the second case, plaintiff sought damages, injunctive relief and declaratory relief based on the disbarment proceedings.  The district court affirmed the agency's disbarment decision.  In the civil suit, it dismissed the claims against some defendants and entered summary judgment in favor of the

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

remaining defendants.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

### I.  The Administrative Appeal

The Treasury Department's administrative decision to disbar plaintiff from practicing before the IRS was based on three instances of "disreputable conduct," as defined in 31 C.F.R. § 10.51.  Plaintiff challenges the administrative decision on the following grounds: (1) the Administrative Law Judge (ALJ) applied the wrong standard of proof; (2) plaintiff was denied due process, including discovery; (3) the instances of disreputable conduct were not supported by substantial evidence; (4) the ALJ erred in refusing to impose sanctions against the attorneys prosecuting the administrative action; and (5) the ALJ was biased against plaintiff, thereby entitling him to a new administrative hearing before a different ALJ.  He further complains that there was neither subject-matter jurisdiction nor personal jurisdiction in the administrative proceeding.

Because plaintiff is representing himself on appeal, his pleadings will be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Our review of the Treasury Department's administrative decision is governed by the Administrative Procedure Act, 5 U.S.C. §§ 701-706.  We examine the agency's action to determine whether it was arbitrary and capricious or an abuse of discretion.   Wyo. Farm Bureau Fed'n v. Babbitt   , 199 F.3d 1224, 1231 (10th Cir.

2000). We will affirm the agency's factual findings if they are supported by substantial evidence. Custer County Action Ass'n v. Garvey, 256 F.3d 1024, 1030 (10th Cir. 2001). We review de novo the legal issues and constitutional claims. Id.

We have carefully reviewed the administrative record and we have considered the arguments and authorities presented by the parties. Applying the standards set out above for review of an administrative decision, we affirm the Treasury Department's decision for substantially the same reasons stated by the district court in its October 31, 2000 memorandum opinion.

The district court's memorandum opinion does not address plaintiff's challenge to the agency's jurisdiction or his claim that the ALJ should have sanctioned the prosecuting attorneys. Plaintiff has not presented any argument or authorities to support his jurisdictional challenge; therefore, we do not address it. See Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992) (party must support argument with legal authority). We also do not address his sanctions claim because he has not shown where in the record the issue was presented to the district court. See Chambers v. Family Health Plan Corp., 100 F.3d 818, 822 (10th Cir. 1996) (court of appeals generally does not consider arguments not presented to district court); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995) (appellate court will not search record to find evidence to

support arguments); see also Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) (plaintiff's pro se status does not excuse his obligation to fulfill the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure") (citation omitted).

## II. The Civil Lawsuit

Plaintiff sued several private and governmental parties for various constitutional torts based on the defendants' actions in the administrative disbarment proceeding. The district court (1) granted absolute immunity to the ALJ, the agency prosecutors and the IRS Director of Practice; (2) granted the motion to dismiss filed by defendant American Institute of Certified Public Accountants (AICPA); (3) granted summary judgment to defendants Stephen M. Walker and Rogoff, Diamond and Walker (the Walker defendants); (4) dismissed the claims against the Treasury Department and the IRS because they are not entities against which suit may be brought; (4) dismissed the claims against Secretary Rubin and the IRS Commissioner; and (5) granted summary judgment to the remaining defendants. Thereafter, the district court entered a judgment that included dismissal of plaintiff's civil case.

On appeal, plaintiff challenges the ruling that the ALJ and others involved in prosecuting the administrative action are immune from suit. He further claims that the district court erred in resolving his other claims against him. He asserts

-5-

that genuine issues of material fact preclude summary judgment. He requests that his case be remanded to be heard by a different district court judge.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Our review of an order of dismissal for failure to state a claim also is de novo. See Witt v. Roadway Express, 136 F.3d 1424, 1431 (10th Cir. 1998).

Plaintiff is correct that genuine issues of material fact will preclude entry of summary judgment. Although he has alleged that disputed material facts exist, he has not identified any. Rather, the matters he characterizes as factual issues are issues of law, on which the district court ruled against him. Moreover, vague references to the existence of disputed facts, without identifying the factual matters in dispute are insufficient. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996) (conclusory allegations not supported by evidence are insufficient to resist summary judgment). Accordingly, plaintiff has not identified any disputed material facts that would preclude summary judgment.

Plaintiff's claims against the ALJ, the IRS Director of Practice, and the agency prosecutors were based on their official acts in the agency disbarment proceeding. The record reflects that at a hearing the district court granted them absolute immunity. Because these parties are entitled to absolute immunity, they were properly dismissed from the case. See Butz v. Economou, 438 U.S. 478, 512-17 (1978).

The Walker defendants were granted summary judgment on their arguments that plaintiff's claims were time-barred and the statements were absolutely privileged. Plaintiff advanced claims against these defendants for defamation, malicious abuse of process and conspiracy to commit malicious abuse of process, based on testimony given in February of 1994 by defendant Stephen M. Walker pertaining to the administrative proceeding. Plaintiff's complaint was filed in October of 1997. The district court fully addressed the statute-of-limitations defense in relation to defamation claims against several federal defendants in its October 31, 2000 memorandum opinion. Also in that memorandum opinion, the district court addressed plaintiff's constitutional malicious process claims as they related to several federal defendants. Applying the standards set out above, we affirm the summary judgment granted to the Walker defendants for substantially the same reasons stated in the memorandum opinion for granting summary judgment to the federal defendants on similar claims.

Plaintiff's claims against the AICPA were based on vicarious liability for the statements of defendant Walker. They were dismissed for failure to state a claim upon which relief can be granted. Plaintiff offers no authority for his position that the AICPA, a national professional organization of CPAs, is vicariously liable for Mr. Walker's statements. Accordingly, dismissal was proper.

Plaintiff's claims against the remaining defendants were disposed of in the thorough and comprehensive memorandum opinion referenced above. We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the district court's disposition of these claims for substantially the same reasons stated in the October 31, 2000 memorandum opinion.

Finally, plaintiff requests a remand to a different district court judge. Because we affirm the district court's judgment, there will be no remand. Even so, "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge