**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

RONALD LEE STEWART,

  Defendant-Appellant.

No. 09-5149
(N.D. Okla.)
(D.C. No 09-CR-029-GFK-1)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

Ronald Lee Stewart pleaded guilty to bank robbery by force, violence, and intimidation, a violation of 18 U.S.C. § 2113(a) and (e).  The district court sentenced him 262 months' imprisonment.  On appeal, Mr. Stewart now argues that the district court erred when it denied:  (1) his motion that the district court judge recuse himself; (2) his motion for a substitution of counsel; and (3) his motion for a downward variance.  We are not persuaded by these arguments and affirm his conviction and sentence.

## I.  FACTUAL BACKGROUND

Ronald Lee Stewart was indicted for bank robbery by force, violence, and intimidation.  After the court appointed Julia O'Connell from the Federal Public Defender's office to represent Mr. Stewart, Ms. O'Connell moved to withdraw, seeking substitution of counsel.  Ms. O'Connell stated that her client wished to continue pro se, and she requested that the court appoint standby counsel to assist him.

At the hearing on Mr. Stewart's motion to proceed pro se, Ms. O'Connell informed the court that Mr. Stewart was adamant about proceeding pro se.  Mr. Stewart then explained that he felt "real comfortable" representing himself and that he thought he could not "get a good job" from the public defender's office.  Rec. vol. II, at 15.  Although Mr. Stewart expressed some doubt that he could do as good of a job as Ms. O'Connell, he still stated that he would rather handle the case himself.  *Id.* at 16.

The district court seemed reluctant to allow Mr. Stewart to proceed pro se, noting that "I've seen [Mr. Stewart's] behavior on television.  He cannot, he cannot represent

2

himself in this matter" and "[t]his man cannot control himself in any context, let alone before a jury." *Id.* at 13.

Mr. Stewart then asked the district court judge to recuse himself based on the statements the judge made about watching the defendant on television. *Id.* at 16. Mr. Stewart and the district judge discussed the video that had appeared on the news. Mr. Stewart offered an explanation for his performance on the news program and then the conversation shifted back to Mr. Stewart's request to proceed pro se.

The district court reviewed the risks of self representation with Mr. Stewart and asked a series of questions to ascertain whether Mr. Stewart understood the proceedings and was voluntarily exercising his informed free will in choosing to represent himself. The district found that Mr. Stewart had knowingly and voluntarily waived his right to counsel and therefore permitted him to represent himself.

The court appointed Beverly A. Atteberry as stand-by counsel for Mr. Stewart. With her assistance, Mr. Stewart filed four pro se motions, seeking to: (1) change his plea to "not guilty by reason of diminished capacity"; (2) change venue; (3) have the court appoint an expert witness; and (4) subpoena his probation officer to appear at trial. *See* Rec. vol. 1, docs. 29–32. At a pretrial conference, with Ms. Atteberry appearing as standby counsel, the court rejected the first three motions but granted Mr. Stewart's motion to subpoena his probation officer. Mr. Stewart also agreed to proceed with his felony case before a magistrate judge. *Id.* doc. 52, at 30.

3

At a July 17, 2009 hearing, Mr. Stewart appeared before the magistrate judge to change his plea to guilty. At this hearing, he informed the court that he no longer desired to proceed pro se and that he wanted Ms. Atteberry to represent him for purposes of changing his plea. During this hearing, Mr. Stewart acknowledged that he may have been better off if Ms. Atteberry was full counsel throughout but that he had not been prejudiced in any way by the decision to proceed pro se. Rec. vol. 3, at 30. The court granted Mr. Stewart's request to discontinue his pro se representation and have Ms. Atteberry represent him.

The magistrate judge conducted a full colloquy: Mr. Stewart acknowledged that he had been informed of the advisory sentencing guidelines range and that he understood that the sentencing judge could consider any reliable information in determining his sentence. Mr. Stewart executed a waiver of the right to a jury trial and a petition to plead guilty.

A presentencing investigation report (PSR) concluded that Mr. Stewart qualified as a career offender under U.S.S.G. § 4B1.1, and recommended an advisory guideline range of 262–327 months' imprisonment. Mr. Stewart submitted multiple objections to the PSR, including an objection to the statement that there were no factors warranting a variance.

On September 22, 2009 Mr. Stewart filed a pro se motion for the appointment of new counsel for sentencing. Mr. Stewart claimed that he and Ms. Atteberry could not communicate, and that she had lied; misled him; and refused to answer his letters, file

4

motions, or visit him. He further claimed that Ms. Atteberry was prejudiced against him by comments that had been made by the district court.

Ms. Atteberry also filed a "Brief in support of Motion to Recuse" Judge Frizzell based on his comments about having seen Mr. Stewart on television during the May 12, 2009 hearing. Rec. vol. I, doc. 57, 58, at 42–48. Mr. Stewart averred that Judge Frizzell's comments demonstrated a personal bias and prejudice against him.

The district court denied the motions to recuse and for substitute counsel. Judge Frizzell stated that he had no personal bias against Mr. Stewart, concluded that Mr. Stewart's affidavit did not meet his substantial burden of clearly establishing a disqualifying bias, and thus denied the motion to recuse. He similarly denied Mr. Stewart's motion for substitute counsel.

During the sentencing hearing, the district court rejected each of Mr. Stewart's seven objections to the PSR. Mr. Stewart called two witnesses, his former probation officer and his nephew. Ms. Atteberry argued for a low sentence and downward variance because of Mr. Stewart's age—he was nearly 73 years old at the time.

The court noted that Mr. Stewart had committed the offense three months after release from imprisonment for the same type of crime and that he had an extensive and violent criminal history. These factors, the court pointed out, would usually lead to a sentence at the high-end of the guideline range. Because of his age, however, the court sentenced Mr. Stewart to 262 months' imprisonment, the bottom of the guideline range.

## II.  DISCUSSION

### A.  Mr. Stewart's Motion for Recusal

Mr. Stewart appeals the district court's denial of his recusal motion.  We review the district court's decision for abuse of discretion.  *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam).

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Additionally a judge is to recuse himself when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him, or in favor of any adverse party."  28 U.S.C. § 144.  Such affidavits are strictly construed against the affiant and the moving party has a substantial burden in establishing the judge is not impartial.  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

This court has explained that "disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality."  *United States v. Mendoza*, 468 F.3d 1256, 1261 (10th Cir. 2006) (quoting *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

6

Here, we find no evidence that the judge abused his discretion by refusing to recuse himself. The sole basis in the record for Mr. Stewart's recusal motion is the judge's comments about seeing him on television. As we have noted, before granting Mr. Stewart's motion to proceed pro se, the judge said "I've seen his behavior on television. He cannot, he cannot represent himself in this matter." Rec. vol. II, at 13. The judge added, "This man cannot control himself in any context, let alone before a jury." *Id.* It is also important that both comments occurred during Mr. Stewart's motion to proceed pro se, a motion that the judge ultimately granted.

The judge's statements do not establish that recusal was warranted under 28 U.S.C. §§ 144 or 455(a). As to § 144, the judge's comments revealed that he had seen the defendant on television, which he only mentioned in the context of Mr. Stewart's motion to continue pro se, an issue on which Mr. Stewart ultimately prevailed. Nothing in the record gives the slightest indication that the judge was either biased or prejudiced against the defendant. Based on the facts here, there was no abuse of discretion when the judge failed to recuse himself under this statute.

We similarly find no basis for requiring a recusal under § 455. Under this statute recusal is required when "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman*, 831 F.3d at 939. The comment by the judge about seeing Mr. Stewart on television would not give a reasonable person doubts about the judge's impartiality. The judge conducted the hearings professionally and fairly.

Thus, we affirm the district court's decision as to this issue.

**B.** **<u>Mr. Stewart's Motion for Substitute Counsel</u>**

Mr. Stewart next argues that the district erred in denying his motion for substitute counsel. Again, we review the district court's decision for abuse of discretion. *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005). To warrant a substitution of counsel, a defendant must establish "good cause." *Id.* Examples of "good cause" include "a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987) (citation and internal quotation marks omitted). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) (citations omitted). "[T]o prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *Id.*

Here, there is sufficient evidence in the record to show that a substitution of counsel was not appropriate. There is no indication that there was any conflict of interest or breakdown in communication between Mr. Stewart and his counsel—much less the complete breakdown needed to justify substitute counsel. To the contrary, the evidence indicates that the parties worked together: At Mr. Stewart's instruction, Ms. Atteberry subpoenaed two witnesses to provide mitigating testimony, and she discussed questioning

8

with Mr. Stewart. Additionally, Mr. Stewart's own motion on this matter detailed four visits that Ms. Atteberry made to Mr. Stewart. Rec. vol. 1, doc. 69. Thus, we hold that the district court did not abuse its discretion by denying the motion for substitution of counsel.

C. **Mr. Stewart's request for a downward variance in his sentence**

Mr. Stewart also challenges his 262-month sentence arguing that the district court erred in not granting a downward variance based on his age. We review the district court's denial of a request for a downward variance under an abuse of discretion standard, *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir.), *cert denied*, 129 S. Ct. 428 (2008), applying a rebuttable presumption that a sentence is reasonable when it falls within the properly calculated guideline range. *United States v. Beltran*, 571 F.3d 1013, 1018 (10th Cir. 2009).

We find no evidence in the record to overcome the presumption of reasonableness. For example, Mr. Stewart had a lengthy and violent criminal record—four other federal convictions and at least five other armed robberies. He committed this particular crime, a bank robbery, only three months after being released from imprisonment on a federal bank robbery conviction and was on supervised release for that conviction. Based on all of this, the district court did not abuse its discretion when it declined to use Mr. Stewart's age as a basis for a downward variance.

### III. CONCLUSION

For the foregoing reasons, we hereby AFFIRM Mr. Stewart's conviction and sentence.

Entered for the Court,


Robert H. Henry
United States Circuit Judge