FILED
United States Court of Appeals
Tenth Circuit

July 31, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD LEE STEWART,

Defendant - Appellant.

No. 13-5051

(N.D. Oklahoma)

(D.C. Nos. 4:09-CR-00029-GKF-1 and
4:11-CV-00402-GKF-FHM)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Defendant Ronald Lee Stewart filed a motion for relief under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Oklahoma. The district court denied the motion. Defendant now seeks a certificate of appealability (COA) from this court so that he may appeal the district court's decision. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 relief). We deny a COA and dismiss the appeal.

## I.    BACKGROUND

Defendant pleaded guilty to a charge of bank robbery in 2009 and was sentenced to 262 months' imprisonment. We affirmed his conviction and sentence on appeal. *See United States v. Stewart*, 378 F. App'x 773 (10th Cir. 2010).

On June 27, 2011, Defendant filed a motion under 28 U.S.C. § 2255 to vacate or correct his sentence, arguing (1) that trial counsel was ineffective at sentencing because she failed to (a) file a motion for downward departure, (b) challenge conditions of confinement that impeded his ability to assist in his defense (in particular, his incarceration at a maximum-security facility without telephone privileges or access to the law library, and the requirement that he wear an electronic restraint system in the courtroom), (c) defend against his claims that she was ineffective, (d) discuss the case or sentencing with him, (e) submit his medical records to the court at sentencing, (f) submit letters from friends and family requesting leniency, and (g) visit him before sentencing; (2) that the trial court abused its discretion by not addressing his ineffective-assistance claims or questioning defense counsel about them; and (3) that the trial court abused its discretion by not ordering a competency evaluation of Defendant, even though he had "obviously deficient mental competency," R. at 48.

Defendant appeals the denial of his § 2255 motion. His contentions in this court are (1) that trial counsel was ineffective because she (a) failed to file a motion for a downward departure, (b) refused to challenge the electronic restraint placed on him, (c) did not defend against Defendant's allegations that she was ineffective, and (d) had a total breakdown in communication with him, including no contact with him during the month before sentencing; (2) that the district court abused its discretion in failing to hold an evidentiary hearing or question trial

counsel about the allegations of ineffectiveness; and (3) that the district court abused its discretion in not ordering a mental evaluation.

Defendant also raises the new arguments that trial counsel was ineffective because (1) she did not request Defendant's medical records from the Bureau of Prisons and other facilities from which he received treatment; (2) she failed to discuss with him the contents of sealed documents she filed with the court; and (3) she "agreed with the abuse" and "torture[]" that he suffered in county jail, Aplt. Br. at 4.

## II.   DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

To establish a claim of ineffective assistance of trial counsel, Defendant first has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v.*

*Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance "fell below an objective standard of reasonableness," *id.* at 688. Second, Defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We may consider the performance and prejudice prongs in either order; and if Defendant fails to meet his burden on one prong, we need not consider the other. *See id.* at 697.

We do not address the arguments that Defendant raises for the first time in this court because he "has not provided a reason to deviate from the general rule that we do not address arguments presented for the first time on appeal." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (internal quotation marks omitted). Of the claims raised both in this court and below, the district court was unquestionably correct to dismiss them. Reasonable jurists would not debate that Defendant had failed to show that his counsel's conduct was objectively unreasonable or prejudicial to him. Defendant advances no nonfrivolous reasons supporting a downward departure, does not explain how wearing the electronic restraint in the courtroom prejudiced him, and fails to explain how his counsel's decision not to defend herself against his allegations of ineffectiveness harmed his defense. And Defendant's allegation of lack of communication with counsel is contradicted by his attorney's affidavit (which was credited by the district court) listing 13 meetings in five months, and Defendant's own statement at his

plea hearing that he had a "full opportunity to confer" with counsel. Rep.'s Tr. of Proceedings at 11, *United States v. Stewart*, No. 4:09-cr-00029-GKF-1 (N.D. Okla. Nov. 16, 2009) (Doc. No. 91). Finally, there was no reason for an evidentiary hearing on counsel's alleged ineffectiveness, and the court had no reason to order a mental evaluation when both Defendant and his trial counsel assured the court that he was competent to proceed.

We also note that Defendant has filed a Motion for Production of Documents, seeking records sealed in district court. *See* Mot. for Produc. of Docs. at 1, *United States v. Stewart*, No. 13-5051 (10th Cir. June 27, 2013). Defendant did not file in district court a motion to unseal the documents until more than two weeks after he had filed his notice of appeal. The court dismissed the motion without ruling on the merits because it no longer had jurisdiction to consider the matter. *See United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) ("Typically, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (brackets and internal quotation marks omitted)). We deny the motion filed in our court because Defendant did not properly raise the matter in district court, and we see no reason to deviate from our general rule that "an untimely motion, by itself, is not sufficient to preserve an issue for appellate review." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993). Although Defendant states

that he learned of the sealed records "only recently," Mot. for Produc. of Docs. at 1, *Stewart*, No. 13-5051, the docket sheet had noted the sealing for some time and Defendant has not explained why he could not have learned of the sealing earlier.

## III. CONCLUSION

We DENY the application for COA, DENY the Motion for Production of Documents, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge